Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

## Jesse Atwood v. Jared T. Atwater et al.

### Filed January 2, 1895.   No. 5647.

1. **Officers:** Civil Liability. A judicial officer, acting within his jurisdiction and in a judicial capacity, is not liable in a civil action for his judicial acts. A mere error of judgment does not subject him to an action for damages.

2. ———: ———: False Imprisonment. A ministerial officer is not liable in an action for false imprisonment for the arrest of a person under a warrant lawful on its face and issued by proper authority. If such officer exceeds his authority and acts oppressively in the execution of the process, he will not be protected therein.

(147)

ERROR from the district court of Saline county. Tried below before MORRIS, J.

*E. S. Abbott,* for plaintiff in error.

*Geo. H. Hastings, contra,* cited: *Stewart v. Hawley,* 21 Wend. [N. Y.], 552; *Harman v. Brotherson,* 1 Denio [N. Y.], 537; *Weaver v. Devendorf,* 3 Denio [N. Y.], 117; *Horton v. Auchmoody,* 7 Wend. [N. Y.], 200; *Carter v. Dow,* 16 Wis., 317; *Wall v. Trumbull,* 16 Mich., 228; *Comstock v. Crawford,* 3 Wall. [U. S.], 396; *Long v. Burnett,* 13 Ia., 28; 2 Freeman, Judgments, 524, 529; *Brown v. Wood,* 1 Bailey [S. Car.], 457; *Butler v. Potter,* 17 Johns. [N. Y.], 145; *Busteed v. Parsons,* 54 Ala., 393; *Marks v. Townsend,* 97 N. Y., 590; *Bamberger v. Kahn,* 43 Hun [N. Y.], 411; Cooley, Torts, 460; *Savacool v. Boughton,* 5 Wend. [N. Y.], 170.

NORVAL, C. J.

This was an action by Jesse Atwood against Jared T. Atwater and W. T. Buchanan for false imprisonment. From a verdict and judgment in favor of both the defendants the plaintiff brings error.

The petition charges, substantially, that the plaintiff was, on the 1st day of August, 1889, assaulted by the defendants and then imprisoned by them in the city jail of the city of Crete, which was in a filthy and indecent condition, for the period of thirty-six hours next following without any just or reasonable cause therefor; that in consequence of such imprisonment plaintiff was prevented from attending to his business, and suffered great mental anguish, a sense of shame, humiliation, degradation, and other wrongs and injuries, to his damages in the sum of $1,000, including $50 for costs and attorney's fees in procuring his release from imprisonment. The defendants filed separate answers denying each and every averment in the petition contained,

and setting up, as a justification for the arrest and impris-
onment of the plaintiff, that the defendant William T.
Buchanan was the duly elected, qualified, and acting police
judge of the city of Crete, and that the defendant Jared T.
Atwater was the duly appointed, qualified, and acting city
marshal of said city; that on the date mentioned in the
petition a complaint, in due form, was filed in the office of
such police judge, charging the plaintiff with having vio-
lated the ordinance of said city relating to the keeping and
harboring of dogs within the corporate limits of such city,
upon which complaint a warrant was duly issued and signed
by said police judge for the arrest of plaintiff, which was
delivered to said city marshal to be served, who, in pur-
suance of the command therein arrested this plaintiff and
took him before the said police judge; that thereupon a
trial was had upon said complaint in the manner provided
by law, and the plaintiff was convicted of the offense
charged on said complaint and the court assessed a fine of
$2 and costs of prosecution, and to stand committed to the
city jail until such fine and costs were paid; that plaintiff
refused to pay either the fine or costs, and defied the de-
fendants and the city authorities to imprison him; that the
plaintiff asked that he be imprisoned in order that he might
bring an action for false imprisonment against the city and
against its officers; whereupon the police judge, as in duty
bound to do, issued a mittimus in due form of law, directed
to the city marshal to safely keep the plaintiff until said
judgment and sentence were complied with, and in accord-
ance with the command thereof the city marshal did com-
mit the plaintiff to the city jail, and there held him under
and by virtue of said mittimus for about twenty-four hours,
and that all the acts done and complained of by the plaint-
iff were done under and by virtue of the said warrant and
the said mittimus, duly issued and placed in the hands of
the said city marshal. The answer further pleads that the
action is barred by the statute of limitations, but this de-

fense is not now relied upon.    The plaintiff, for reply to
the several answers, admits that the defendants at the time
mentioned were, respectively, the city marshal and police
judge; that a complaint was filed as alleged, and plaintiff
was arrested thereon and brought before said police judge
as alleged, and that he was fined as stated, but avers that
he was adjudged guilty on his plea of not guilty, and was
fined without trial, or without proof of any kind being
adduced before said police judge.    Plaintiff also denies the
existence of any ordinance such as referred to in the answers,
denies the existence of any law, ordinance, or other author-
ity of any kind requiring or permitting the imprisonment
of any person in the jail of said city on conviction for the
violation of its ordinances.    It does appear that the police
judge sentenced Atwood without having first made and
entered upon his docket a finding that he was guilty, and
for this error Atwood was discharged upon *habeas corpus*.
(*Atwood v. Atwater*, 34 Neb., 402.)

The sole errors assigned for a reversal are based upon
the giving of the first and third paragraphs of the court's
charge to the jury, and the refusing to give the first and
second instructions requested by the plaintiff.    The in-
structions given by the court upon its own motion, which
are here complained of, read as follows:

"1. Gentlemen of the jury, the court instructs you that
under the pleadings and the law in this case, the only ques-
tion for you to consider is the manner of treatment received
by this plaintiff while under arrest and in the act of arrest."

"3. If the jury shall find from the evidence that in the
matter of the arrest, and in their conduct toward the
plaintiff while he was under arrest, was no more harsh or
cruel than the circumstances under which they acted re-
quired, or as ordinarily prudent and careful men would act
under the same circumstances, then your verdict should be
for the defendants."

The evidence adduced on the trial of the cause is not be-

fore us, the same not having been preserved by a bill of exceptions.  As a reviewing court, therefore, we must assume that there was evidence before the jury tending to establish the defense pleaded by the defendants in their answers.  We have, then, only to determine whether the foregoing instructions were erroneous in view of the defense interposed and the issues tendered by the pleadings. The jury were told, in effect, by the instructions of which complaint is made, that the defendants were not liable unless they treated the plaintiff in making the arrest, or while under arrest, in a more harsh or cruel manner than was warranted under the circumstances of the case.  In other words, that the police judge incurred no liability by reason of the issuing of the warrant and mittimus, and that they protected the city marshal in executing the same in all his acts committed within the scope of his duties, but if he unnecessarily abused the plaintiff in making the arrest, or while under arrest, he must respond in damages. It is a familiar rule to the bench and the profession, and one of great antiquity, that a judicial officer, whether of a court of limited or general jurisdiction, is not liable in a civil action for acts performed in his judicial capacity, if he has acquired and does not exceed the jurisdiction conferred by law.  He is not liable in damages for mere error of judgment while acting within his jurisdiction, but he is not protected if he assumes to act beyond the scope of his authority. (2 Freeman, Judgments, sec. 530; *Harman v. Brotherson,* 1 Denio, [N. Y.], 537; *Weaver v. Devendorf,* 3 Denio [N. Y.], 117; *Horton v. Auchmoody,* 7 Wend. [N. Y.], 200; *Stewart v. Hawley,* 21 Wend. [N. Y.], 552; *Carter v. Dow,* 16 Wis., 317; *Wall v. Trumbull,* 16 Mich., 228; *Little v. Moore,* 4 N. J. Law, 74\*; *Butler v. Potter,* 17 Johns. [N. Y.], 145; *Pratt v. Gardner,* 2 Cush. [Mass.], 63; *Craig v. Burnett,* 32 Ala., 728; *Clark v. Holdridge,* 58 Barb. [N. Y.], 61; *Busteed v. Parsons,* 54 Ala., 393; *Marks v. Townsend,* 97 N. Y., 590; *Marks v. Sullivan,* 9 Utah, 12.)

The reason for the rule stated is well expressed by Chief Justice Kent in *Yates v. Lansing*, 5 Johns. [N. Y.], 282, in the following language: "No man can foresee the disastrous consequences of a precedent in favor of such a suit. Whenever we subject the established courts of the land to the degradation of private prosecution, we subdue their independence and destroy their authority. Instead of being venerable before the public, they become contemptible; and we thereby embolden the licentious to trample upon everything sacred in society, and to overturn those institutions which have hitherto been deemed the best guardians of civil liberty."

*Carter v. Dow*, 16 Wis., 317, is quite like the one at bar. That was an action by Carter against a justice of the peace, a constable, and one Dow for false imprisonment. Carter had been arrested on the complaint of Dow for violating an act passed by the legislature to regulate and license the keeping of dogs, and was taken before the justice and fined. In the circuit court Carter recovered judgment, which, on appeal to the supreme court, was reversed, that court holding that the justice of the peace, although he may have erred in his conclusions, the proceedings were not void for want of jurisdiction, and that such officer is not liable for a mere error of judgment, but only when he fails to acquire jurisdiction.

*Horton v. Auchmoody*, 7 Wend. [N. Y.], 200, was an action against a justice of the peace for damages sustained by the plaintiff for acts done by the defendant to his judicial capacity. Savage, C. J., in delivering the opinion of the court, says: "Where a justice acts without jurisdiction, he is a trespasser; but having jurisdiction, an error in judgment does not subject him to an action; he is entitled to the protection afforded to a judge of a court of record. The argument for the plaintiff in error is, that though the justice once had jurisdiction, he had lost that jurisdiction; that the adjournment being an act not authorized by law, the

cause was at an end, and any further proceeding was without jurisdiction, as much so as a judgment would be without any previous process.   It must be conceded that so far as the parties litigant before the justice in that suit are concerned, this court have considered an unauthorized adjournment an end of the suit; but where a remedy is sought against the justice, the principle of judicial irresponsibility should be interposed, so far as it is applicable.   *   *   *   In this case the justice had jurisdiction of the cause, of the parties, and of the question of adjournment; his error was an error of judgment, and according to the decisions above referred to, the consequence of that error was that the cause was discontinued as between the parties, and any judgment entered after such adjournment was liable to be reversed; but I believe none of the cases considered such a judgment a proper subject of inquiry as to its merits in another tribunal.   If the justice is liable in this case, it must be conceded that such liability arises from a judicial act, which is contrary to established principles."

*Stewart v. Hawley,* 21 Wend. [N. Y.], 552, was where a magistrate, on the filing of a complaint charging a violation of the statute for the observance of Sunday, issued a warrant for and had the person complained of arrested and brought before him, when the charge was investigated and the accused was fined.   An action was thereupon brought by the defendant in the criminal suit against the magistrate and the constable who executed the warrant for his arrest. The court held that the magistrate was not liable for false imprisonment, although he might have erred in holding that a criminal offense had been committed, and that the constable who made the arrest was not liable in trespass, the warrant being regular on its face.   Nelson, C. J., in his opinion in the case, makes use of this language: "It cannot be doubted but that the justice, by means of the complaint in this case and the warrant issued thereupon, acquired jurisdiction over the subject-matter and the person

of the defendant, and that his error, if any, was an error of judgment. He may have misapprehended the true import of the statute, and concluded that the plaintiff fell within the prohibition, when he did not; but no principle of law is better settled than that for such mistake the magistrate is not responsible in an action. (1 Brod. & Bing., 432; *Mills v. Callet*, 6 Bing., 85; 3 Maule & Selw., 411; 8 Wend., 462; 11 Wend., 95; 19 Wend., 61, 62.) The case of *Mills v. Callet* is very strong and decisive. The only question, said Tindall, C. J., is whether the magistrate had jurisdiction to investigate and commit. He further remarked, that if a party charged with an offense be brought before a magistrate, the officer must exercise a judgment on the case, and is not liable for mere error of judgment. * * * If we are right in the conclusion respecting the justice, it necessarily follows that the warrant was a protection to the officer; for if there was matter enough to justify the proceeding of the justice, it would of course justify the officer. Indeed, if there had been no recital of the offense in the warrant, the constable would have been protected; for, to subject him to responsibility in this action, it must be shown not merely that the magistrate had no jurisdiction to issue the process, but that it so appeared on the face of the process."

Cooley, J., in *Wall v. Trumbull*, 16 Mich., 228, in discussing the rule relating to the liability of officers exercising judicial powers for errors in judgment, where they do not exceed their jurisdiction, observes: "In determining whether the members of a township board voting for the allowance are liable, the first question which arises is, whether the nature of their duties is judicial, or ministerial only; for the rule of liability is altogether different in the two cases. A ministerial officer has a line of conduct marked out for him, and has nothing to do but follow it; and he must be held liable for any failure to do so which results in the injury of another. A judicial officer, on the other hand, has certain powers confided to him, to be exer-

cised according to his judgment or discretion; and the law would be oppressive which should compel him in every case to decide correctly at his peril.   It is accordingly a rule of very great antiquity that no action will lie against a judicial officer for any act done by him in the exercise of his judicial functions, provided the act, though done mistakenly, were within the scope of his jurisdiction."   The learned judge, after citing numerous authorities, uses this language: "This principle of protection is not confined to courts of record, but it applies as well to inferior jurisdictions; the only difference being that authority in a court of general jurisdiction is to be presumed, while the jurisdiction of inferior tribunals must affirmatively appear on the face of their proceedings. (*Wight v. Warner*, 1 Doug. [Mich.], 384; *Clark v. Holmes*, 1 Doug. [Mich.], 390; *Chandler v. Nash*, 5 Mich., 409.)   Nor does the rule depend upon whether the tribunal is a court or not; it is the nature of the duties to be performed that determines its application."

Authority is conferred by statute upon a police judge to try all offenses against the ordinances of the city.   In the case before us, Buchanan, as such police judge, had jurisdiction to hear the complaint and issue the warrant.   Having jurisdiction over the subject-matter, the fact that he erred in not making a finding upon which to base the judgment and sentence will not render him liable.   For lack of a finding the sentence was not void, but was merely erroneous, and subject to a reversal in a proper proceeding. (*Doty v. Sumner*, 12 Neb., 378; *Connelly v. Edgerton*, 22 Neb., 83.)

The remaining question is as to the liability of the marshal for serving the warrant and imprisoning the plaintiff in accordance with the command of the mittimus to him directed by the police judge.   Both writs were regular on their face, and the court, or judge, had the jurisdiction to issue the same.   This being so, the marshal was protected by the processes for everything he did thereunder within

the line of his official duty. But he would be liable for any unnecessary abuse of the plaintiff, or if he exceeded his authority and acted oppressively in the execution of the writs. The principle is well recognized by the authorities that a ministerial officer, acting under a process regular and valid on its face issuing from a court or tribunal with apparent jurisdiction to issue the same, is protected in obeying it. (2 Freeman, Judgments, sec. 529 ; *Marks v. Sullivan, supra; Hobbs v. Ray,* 25 Atl. Rep. [R. I.], 694 ; *Leib v. Shelby Iron Co.,* 97 Ala., 626 ; *Henke v. McCord,* 55 Ia., 378 ; *Erskine v. Hohnbach,* 14 Wall. [U. S.], 613 ; *Savacool v. Boughton,* 21 Am. Dec. [N. Y.], 181, and cases cited in the note.) In *Erskine v. Hohnbach, supra,* the court say : "If an officer or tribunal possess jurisdiction over the subject-matter upon which judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to a ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person or property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him, although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued."

The instructions given by the court fairly submitted to the jury the question of the liability of the defendants, and the court below did not err in giving the same. The view already expressed disposes of the objections made to the refusal to give plaintiff's requests. The judgment is right and is

AFFIRMED.