STATE EX REL. SHANAHAN v. LINDSAY, JUDGE, DEFENDANT.

[No. 1,371.]

[Submitted March 27, 1899.   Decided April 10, 1899.]

*Appeal from Justice—Judgment by Default.*

Constitution, Art. VIII, Sec. 23, grants a right of appeal from a justice to the district court in all actions. Code of Civil Procedure, Secs. 1760, 1761, provides for appeals from judgments of justices' courts, and that there shall be no appeal from a judgment by default except on questions of law, or where the justice's court abuses its discretion in setting aside, or refusing to set aside, a default judgment. *Held*, that where a justice refuses to set aside a judgment by default, an appeal lies, and it is for the court to determine on the papers filed in the justice court as to whether the discretion of the justice has been abused.

APPLICATION by the State, on the relation of Bernard Shanahan, for writ of *mandamus* to John Lindsay, judge of the Second Judicial District Court.   Writ granted.

Statement of the case by the Justice delivering the opinion.

This is an application for a writ of mandate to compel Hon. John Lindsay, as Judge of the Second Judicial District Court in and for Silver Bow county, to hear and determine a motion to set aside a default judgment and entertain the appeal in a case entitled "*H. C. Slader, Plaintiff, v. Bernard Shanahan, Defendant,*" brought into the said court by appeal from the justice's court of J. M. Lewis, a justice of the peace for Silver Bow county.   From the record it appears that on February 4, 1899, a motion was made by the respondent, and submitted to the court, asking that the appeal be dismissed on the two grounds that the appeal had not been perfected in the time prescribed by law, and that the appeal was taken from a judgment by default.   The motion was heard and overruled by Hon. J. B. Leslie, of the Eighth District, sitting for Judge Lindsay.   On March 4th thereafter a motion was made by defendant, Shanahan, asking that the default be set aside, and that he be permitted to file his answer.

In the notice of this motion, which, on the hearing, was treated as a formal motion, the grounds upon which relief was asked are not stated. It is stated, however, that the motion would be based upon the files and records of the justice's court. An examination of these shows that the judgment appealed from was entered on December 15, 1898. On the 16th a motion was made in the justice's court to open the default, and permit defendant to file his answer. The motion was supported by the affidavit of defendant, and was made within the time allowed by the statute. (Code of Civil Procedure, Sec. 1529.) This was heard and overruled by the justice on December 20th. The motion in the district court was heard on March 11th. On that day, after argument on part of defendant, the court made the following order : ''This day the motion to set aside the default entered in the justice's court of J. M. Lewis, a justice of the peace in and for the Township of Walkerville, County of Silver Bow, State of Montana, and the judgment thereon, coming on regularly to be heard, counsel for the respective parties being present, (and) thereupon, after hearing argument of J. H. Healy, attorney for defendant, upon said motion, and due consideration thereof, the court held that, upon the showing in this case, appeal did not lie from a judgment by default therein entered, and that the court could not consider a motion to set aside such judgment, and that the said motion be and is overruled.''

The affidavit of relator, after setting forth the facts in the statement preceding the foregoing order, then charges that : ''In making this order, the respondent refused to grant the relator any relief on the said appeal, for the reason that there was no jurisdiction in him or in the said court to hear and determine any appeal from a judgment rendered by default in a justice's court, either upon questions of law appearing upon the face of the papers, or upon a motion to set aside a default judgment rendered in a justice's court.'' The record shows that the appeal was perfected within the time allowed by law.

*J. E. Healy*, for Relator.

*Chas. Kohl*, for Defendant.

BRANTLY, C. J.—In making this order the court said to relator in substance : ''You are not to be heard in this court upon this appeal further than to enable this court to determine that your showing in the justice's court was not and is not sufficient to warrant the setting aside of the default judgment. This determination has been reached. This court has no jurisdiction for any other purpose. Therefore you are not entitled to an appeal in this case.'' The question presented, therefore, is : has the district court refused to entertain the appeal for all purposes for which it should have been entertained? The Constitution, Article VIII, Section 23, grants the right of appeal ''from justice's courts, in all cases, to the district courts, in such manner and under such regulations as may be prescribed by law.'' The Code of Civil Procedure, Section 1760, provides : ''Any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the district court of the county, at any time within thirty days after the rendition of the judgment.'' This section also further provides how the appeal may be taken, but the right of appeal provided for is as broad as that granted by the Constitution, and extends to all cases without exception. Section 1761 provides : ''All appeals from justices' or police courts must be tried anew in the district court, on the papers filed in the justice's or police court, unless the court, for good cause shown, and on such terms as may be just, allow other or amended pleadings to be filed in such action. The court may order new or amended pleadings to be filed. Each party has the benefit of all legal objections made in the justice's or police court. When a judgment is reversed or set aside on a question of law arising in the justice's or police court, the district court must either try the case anew or render a judgment. There is no appeal from a judgment by default rendered in a justice's or police court, except on questions of law which appear on the face of the papers or proceedings, and except in cases when the justice's or police court has abused its discretion in setting aside or refusing to set aside a default or judgment. If the judgment

by default is set aside, the district court must allow pleadings to be filed and try the case.'' This latter section has to do with the procedure after the appeal reaches the district court, and upon the proper enterpretation of it turn the rights of the relator in this case. An examination of its provisions shows that the intention of the Legislature was that the procedure governing appeals should secure to the appellant a review in the district court of all the questions in the case which he has properly raised or reserved in the inferior court. All cases appealed must be tried anew, just as they were tried, or should have been tried, in the lower court. If an answer be filed, and a trial of fact had, then, on appeal, there must be a trial on the facts, upon the pleadings filed in the lower court, unless the parties are, upon cause shown, and upon just terms, permitted to file others, or the court orders others to be filed. If a demurrer be filed in the lower court, or a question of law be raised in any other proper way, this may be taken advantage of in the district court. If, in the district court, the judgment be reversed or set aside upon a question of law thus raised in the lower court. the district court must then try the case anew upon all the questions raised after pleadings have been filed, or must enter the appropriate judgment. To illustrate : If the complaint filed in the justice's court does not state facts sufficient to constitute a cause of action, a question of law arises upon the face of the proceedings which may be reviewed in the district court. It is the duty of the district court to set aside the judgment and try the case after the issues have been properly made up. If the case involves a matter over which the justice's court has no jurisdiction, upon appeal it is the duty of the district court to set aside the judgment appealed from, and enter a judgment of dismissal. The latter part of this section seems at first glance to abridge the right of appeal; but in fact it does not, as is apparent if it be read according to the manifest meaning of it as follows: ''An appeal lies from a judgment by default only on questions of law which appear upon the face of the papers or proceedings, or where the justice's or police court has abused its discretion in

setting aside or refusing to set aside a default.'' The appeal lies. It is therefore the duty of the court to entertain it. It must try the case anew, just as the justice tried it, or should have tried it. If the questions of law presented are resolved in favor of the respondent, this is the end of the trial, except that the court must enter a judgment of affirmance. If there be a question of abuse of discretion in the justice's court, this must be tried anew upon the papers filed in the justice's court. If this question be resolved in favor of the respondent, judgment of affirmance must be entered. If the question or questions of law are resolved in favor of appellant, the judgment must be set aside, and the case tried anew upon an issue of fact made, or the case must be dismissed, and judgment entered in favor of appellant. If, again, the question of abuse of discretion be decided in favor of the appellant, pleadings must be filed, and the case be tried on all the issues made. This is the express provision of the remainder of the section.

We have remarked at length upon this section of the statute for the reason that there seems to be some misapprehension as to its scope and meaning, notwithstanding the construction given to it, as well as the similar provisions in the Compiled Statutes of 1887, in *Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337, and *Maxey* v. *Cooper*, 21 Mont. 11, 54 Pac. 562. The views here expressed are in conformity with those there laid down.

Under the construction given to this section by the district court, as shown by the order made in the case under consideration, the appeal did not lie for any purpose other than for the court to determine that it did not. Under this view, the district court could do nothing else but dismiss the appeal; and yet this could not be done for the reason that the court had already decided that there was no ground for dismissal. The district court should have entertained the appeal for a trial *de novo* as it was tried, or should have been tried, in the justice's court. The court refused to entertain the appeal and enter the proper judgment. If no question of law appears on

the face of the proceedings, or no abuse of discretion in the justice's court in refusing to set aside the default be shown, justifying the court in setting aside the default judgment, then judgment of affirmance should have been entered; otherwise, the case should have been tried upon issues made by defendant's answer, or judgment entered dismissing the case.

Let the peremptory writ issue, accompanied by a copy of this opinion, with directions to the district court to proceed in accordance with the views herein expressed.

HUNT and PIGOTT, JJ., concur.