(May 19, 1900.)

## GANS v. STEELE, JUDGE.

[61 Pac. 286.]

WRIT OF REVIEW—JURISDICTION—FILING OF PETITION.—Application and affidavit were presented to the district judge at chambers for writ of review. Writ was issued on November 21, 1899. Application filed December 6, 1899. *Held,* sufficient, as there is nothing in the statute requiring the application to be filed before the writ is granted.

COURTS OF RECORD.—The law does not confine the issuance of writs of review to courts of record, but that a writ may issue to any inferior tribunal, board or officer exercising judicial functions upon proper showing in cases where there is no plain and speedy remedy.

APPEAL FROM ORDER OF PROBATE COURT.—The statute does not provide an appeal from an order of a probate court made in a proceeding supplemental to execution, and the only means of reviewing such order is by writ of review.

JURISDICTION—SECTION 3890 OF THE REVISED STATUTES.—Section 3890 of the Revised Statutes gives a district judge, at chambers, jurisdiction to issue writs of review.

DEFECTIVE WRIT—DEMURRER.—A writ issued, defective upon its face, does not affect the jurisdiction of the judge and such defect must be reached by demurrer or motion to quash.

(Syllabus by the court.)

Original proceeding for writ of review.

George W. Tannahill and Isham N. Smith, for Plaintiff.

A writ of error is process of the appellate court, issuing it. (*Knight v. Weiksdorf,* 21 Fla. 157; *Guarantee Trust Co. v. Buddington,* 23 Fla. 514, 2 South. 885; *Lessee of Taylor v. Boyd,* 3 Ohio St. 354.) An action is commenced in Idaho when the complaint is filed with the clerk of the proper court. (Idaho Rev. Stats., secs. 4068, 4138, 4139; *Gold Hunter Smelting Co. v. Holleman,* 3 Idaho, 99, 27 Pac. 413.) In the order sought to be reviewed, the probate court of Nez Perces county was a justice's court, and hence not a court of record, and therefore there would be no record within the meaning of the law to be certified to the district court. (7 Ency. of Pl. & Pr., p. 828, note 2; Idaho Rev. Stats., sec. 3842. But com-

pare this with article 5, section 21, Idaho Constitution, as there is possibly a difference.) The remedy to review any matter in the justice court is by appeal to the district court. (Idaho Rev. Stats., sec. 3830, subd. 7.) A writ of error will not lie where there is a remedy by appeal. (7 Ency. of Pl. & Pr., p. 852, point 3, note 3.)

James W. Reid, for Defendant.

Writ of error issues only when there is not a plain, speedy and adequate remedy at law. (Rev. Stats., sec. 4978; *People v. Lindsey,* 1 Idaho, 400, 401.) Plaintiff should have moved to quash the writ of error issued by Judge Steele, and if refused, then appeal to this court. (*People v. Lindsey,* 1 Idaho, 401.)

SULLIVAN, J.—This is an application for a writ of review to review the action of the district judge of the second judicial district of this state in the issuance of a writ of review to review the action of the probate court of Nez Perces county in a matter wherein said probate judge made an order directing a garnishee to pay into court or to the sheriff holding an execution certain money in the hands of such garnishee belonging to the execution debtor. It appears that said execution debtor claimed said money as exempt under the provisions of subdivision 7, section 4480 of the Revised Statutes, and acts amendatory thereof. The question of said exemption was tried some time after judgment had been entered in the action, which trial or proceeding was supplemental to execution. The judge held that said money was not exempt, and ordered the garnishee to pay it over to the sheriff, to be applied in satisfaction of said execution. The writ of review issued by the judge of the district court was to review said action of the probate judge, and it is contended that the district judge had no jurisdiction to issue the same:

1. For the reason that there was no proceeding pending upon which the issuance of the writ could be predicated, as the writ was issued November 21, 1899, and the petition therefor not filed until December 6, 1899. There is nothing in the law requiring the petition or affidavit to be filed before the writ shall issue. The application was made to the judge. He examined

it, issued the writ, and the application was filed thereafter. That was sufficient.

2. It is contended that the district judge had no jurisdiction to issue the writ of review to the probate court, as that court, in the matter complained of, was acting as a justice of the peace; hence was not a court of record. This contention is without merit, for the reason that section 4962 of the Revised Statutes, provides that a writ of review may issue to an inferior tribunal, board, or officer exercising judicial functions when such tribunal, board, or officer has exceeded its or his jurisdiction, and there is no plain, speedy, and adequate remedy. The issuance of such writ does not depend on the fact whether the tribunal is a court of record or not. While it is true the writ requires the record of the proceedings complained of to be certified up, yet the law does not confine the issuance of such writs to courts of record. Inferior tribunals, boards, and officers exercising judicial functions keep records of proceedings had before it or them, and the record that is kept in such cases is the record referred to in the provisions of the statute applicable to writs of review.

3. It is contended that there is a plain, speedy, and adequate remedy given by appeal from the order complained of, made by the probate judge after judgment in said matter supplemental to execution. Our statutes provide for an appeal from all orders made after judgment by the district court, but fail to make any provisions for appeal from orders made after judgment by the probate court in proceedings supplemental to execution. Therefore the only method of reviewing such orders is by writ of review. No doubt the district court might be given jurisdiction to hear appeals from justices of the peace from orders made after judgment, but the legislature has failed to authorize by statute appeals from such orders.

4. It is contended that the district judge has no jurisdiction to issue a writ of review; that the court only has that power. Section 3890 of the Revised Statutes, confers jurisdiction on a district judge to issue such writs.

5. It is contended that the writ issued by the judge is void on its face, for the reason that it is process, and does not run

in the name of the state nor of the people of the state. If the writ is defective in form, that does not affect the jurisdiction of the court to issue the writ. A writ defective in form may be reached by demurrer or motion to quash. Section 4968 of the Revised Statutes, provides that the writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. We hold that the district judge had the authority to issue a writ of review in said matter, and his action therein is affirmed, and the writ of review issued by this court is quashed. Costs are awarded to defendant.

Huston, C. J., and Quarles, J., concur.