STATE EX REL. COBBAN, RELATOR, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,058.)

(Submitted March 11, 1904.   Decided March 14, 1904.)

*Appeal from Justice's Court.*

1. Unless an appeal from a justice's court is taken within the time, and effectuated in accordance with the regulations, prescribed in the Code of Civil Procedure, the district court has no jurisdiction of the appeal, except to dismiss it.
2. The only appeal from a justice's court provided for by the Code of Civil procedure, is an appeal from a judgment, hence there is no appeal to the district court from an order made in a justice's court either before or after judgment.

WRIT of review on the relation of Kate L. Cobban against the district court of the Second judicial district, in and for Silver Bow county, and William Clancy, judge thereof. Orders annulled.

*Mr. James E. Murray,* for Relator.

*Mr. John F. Davies,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of review. On November 6, 1903, an action was brought in the justice's court of South Butte township, Silver Bow county, by Kate L. Cobban against one Gust Vogel, to recover from him the possession of certain premises in the city of Butte, and damages for the use and occupancy thereof. Summons was issued and returned, showing due service on the defendant. On November 13th, the appearance day, on motion of plaintiff, the default of the defendant was duly entered; he having failed to appear within the hour allowed by statute after the time named in the summons. Evidence was then introduced and judgment entered in favor of plaintiff, as prayed for in the complaint. On November 18th the defendant served upon counsel for the plaintiff, and filed with the justice, a notice that he would on November 23d move the court to set aside the judgment. At the time appointed the parties appeared. In support of the motion, counsel for defendant filed an affidavit of the defendant, stating that he had not been served with summons in the action, and therefore had no notice of its pendency. The hearing was then continued until December 15th. The plaintiff having in the meantime filed an affidavit of the officer who served the summons contradicting the statements in the affidavit of the defendant, the justice denied the motion. On December 24th the defendant served and filed his notice of appeal to the district court from the judgment and the order, and, having given the undertaking required to effectuate the appeal, procured a transcript of the proceedings to be filed in the district court. On February 20, 1904, the motion to set aside the default and judgment was submitted to the dis-

trict court. At the same time the defendant submitted a verified answer, setting forth his defense and an affidavit of merits. These papers were intended to supplement the showing made in the justice's court. Upon consideration an order was made sustaining the motion, and the defendant was permitted to file the answer. On February 27th the plaintiff submitted a motion to dismiss the appeal on the grounds, among others, that the court had no jurisdiction of the action, in that the appeal from the judgment had not been taken within the time provided by the statute after the rendition thereof, and that no appeal lies from such an order. The motion was denied. Thereupon this application was made to have annulled the two orders mentioned.

The question for decision is, was the cause removed to the district court in conformity with the provision of the statute applicable, so as to confer jurisdiction? The right of appeal, though guarantied under the Constitution (Article VIII, Sec. 23), may be exercised only in obedience to the statutory regulations applicable. These regulations are found in Sections 1760 to 1764 of the Code of Civil Procedure. Section 1760 declares that an appeal may be taken from a judgment within thirty days after the rendition thereof by filing a notice and serving it on the adverse party or his attorney. The district court is without power to entertain the appeal, except to dismiss it, unless taken within the thirty days, and unless, further, it is effectuated under Sections 1763 and 1764. When these steps have been taken by the appellant, the justice must, upon payment of his fee, perform the duties enjoined upon him by Section 1762. Upon the perfection of the appeal the court has jurisdiction of the cause, and may grant the relief authorized by Section 1761. This section has to do only with the extent of the relief which may be granted by the district court. (*State ex rel. Shanahan* v. *Lindsay,* 22 Mont. 398, 56 Pac. 827.) It does not, in terms, nor by implication, allow an appeal to the district court from an order made in thte justice's court, either

before or after judgment. The only appeal provided for is an appeal from the judgment (Section 1760). Thereupon, under the terms of Section 1761, the district court may grant such relief as is therein provided, and no more.

There being no appeal allowed from the order refusing to set aside the default and judgment in the justice's court, and the appeal from the judgment having been perfected after the lapse of thirty days from the rendition thereof, the district court was without jurisdiction to entertain it or to make any order in the cause. The result is that the two orders complained of were in excess of jurisdiction, and must be annulled. The district court should have sustained the motion to dismiss the appeal on the ground of want of jurisdiction. "

The orders complained of are annulled.