MISSOURI, O. & G. RY. CO. v. RILEY *et al.*

No. 2145.    Opinion Filed October 15, 1912.

(127 Pac. 391.)

1.    **JUSTICES OF THE PEACE—Procedure—Judgment—Vacation or Review.** A district court has no power to review, vacate, modify, or set aside a judgment of a justice of the peace, under sections 6066, 6069, or 6082, Comp. Laws 1909.

2.    **JUDGMENT—Equitable Relief—Negligence of Applicant.** An injunction against a judgment will not be granted in favor of a party who, through want of diligence, has lost his right of appeal.

3.    **JUSTICES OF THE PEACE—Procedure—Judgment—Action for Equitable Relief.** A court of equity will not enjoin the execution of a judgment of a justice of the peace, where the aggrieved party has a plain, speedy, and adequate remedy at law, unless it is shown that the legal remedy has been denied on account of fraud, mistake of fact, accident, or some unavoidable casualty.

(Syllabus by Robertson, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by the Missouri, Oklahoma & Gulf Railway Company against H. R. Riley, P. P. Dunford, James K. King, and C. P. Chapman, to enjoin the service of an execution, and for other relief. Judgment on demurrer for defendants, and plaintiff brings error. Affirmed.

The transcript shows that on August 22, 1910, H. R. Riley, one of the defendants in error, commenced two separate actions

against the plaintiff in error for damages for the alleged negligent killing of certain live stock. Summons issued, and was served; but, the defendant failing to appear, judgment was entered against it in each case on August 25, 1910, for the full amount claimed. On August 29, 1910, the company filed with the justice a motion in each case to set aside said judgments, both being alike, and reading as follows:

"Motion to Set Aside Judgment. Comes now the Missouri, Oklahoma & Gulf Railway Company, and appearing specifically for the purpose of this motion and not otherwise, states that copy of summons in the above-entitled action was served upon it; that said summons was dated August 22, 1910, and the defendant therein named was required to appear and answer to the bill of particulars filed in the said action on the 25th day of August, 1910; that the statutes provide that the summons must be served at least three days before the time of the appearance; and that three days did not elapse from the time said purported summons was served until said matter came on for hearing. The Missouri, Oklahoma & Gulf Railway Company further states that the plaintiff in the above-entitled action has two suits pending before P. P. Dunford, justice of the peace of Barnard township, Hughes Co., Okla., each for the sum of $125, and numbers 25 and 26 on the docket of the justice of the peace in and for Barnard township, Hughes county, Oklahoma, and that said H. R. Riley has split his cause of action against the defendant improperly and for the purpose of incurring additional costs, and for the further purpose of conferring jurisdiction upon said justice of the peace to try said causes of action. Wherefore, premises considered, the Missouri, Oklahoma & Gulf Railway Company prays: (1) That said judgment be set aside, for the reason that the summons was not properly served upon the defendant herein. (2) That the said action be dismissed because of the want of jurisdiction on the part of the justice of the peace."

The justice, after hearing the argument of counsel on both sides, overruled both motions; whereupon the company filed an appeal bond in each action, and the cases were thereupon transferred to the county court on appeal, where the appeals were later dismissed on motion of the appellees. On the 29th day of October, 1910, this original action was filed in the district court of Hughes county to vacate, modify, and set aside the judgments of the justice of the peace. The defendants demurred to the peti-

tion, which demurrer was by the court sustained and the petition dismissed, from which order of dismissal the company appeals.

*Edward R. Jones* and *Wilmott & Wilhoit,* for plaintiff in error.

*Crump, Skinner & Bailey,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). No copies of the judgments are attached to plaintiff's petition; nor are the summones or other papers from the justice court made a part of the record. The facts with reference to the same, as given above, are taken from the body of plaintiff's petition.

This is an original action in the district court to vacate a judgment of a justice of the peace. Has the district court the power to grant such relief, under the facts of the case? Our answer must be that it has not such power. This court, in *Bohart v. Anderson,* 26 Okla. 784, 110 Pac. 761, effectually disposed of that question:

"Counsel for plaintiffs in error in his brief states that this proceeding was taken in conformity with sections .6066, 6069, 6082, Comp. Laws Okla. 1909. The first of these sections provides that: 'A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court.' Section 6069 provides: 'The proceeding to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of,' etc. Section 6082 provides that: 'No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year,' etc. His contention is that the first sections quoted confer power upon the district courts to reverse, vacate, or modify the judgments of justices of the peace by an original proceeding filed for such purpose, and the last limits the time within which such proceedings may be commenced to one year. We do not agree with counsel. Section 6066, *supra,* relates to review by appeal, and does not authorize a review of proceedings had before a justice of the peace by an original proceeding in the district court. We are not favored with a brief on behalf of the defendant in error; but it seems quite clear that the statutes cited

by counsel for plaintiffs in error are not susceptible to the construction he seeks to place upon them."

As a general proposition, a court of equity will not enjoin the enforcement of a judgment rendered on' default after an appeal has been taken to the county court. Where a party against whom a judgment has been rendered had a remedy at law, an injunction will not lie to correct errors, unless it is shown that the remedy at law, by way of appeal or otherwise, has been denied on account of fraud, mistake of fact, accident, or some unavoidable casualty, or some unfair act of the opposite party.

In Beach on Injunction, vol. 1, sec. 617, it is said:

"And an injunction against a judgment will not be granted in favor of the party who, through want of diligence, has lost his right of appeal."

In *Ellis v. Akers et al.,* 32 Okla. 96, 121 Pac. 258, it is said:

"In the case at bar, plaintiff in error had a right to have the judgment of the justice of the peace reviewed by an appeal to the county court, and from thence to this court. For some reason unknown to us, he did not avail himself of this legal remedy. To grant him now the right of review, after he has ignored the remedy given him by statute, would not be warranted, and would be an invitation to litigants who, through carelessness or other insufficient reason, have ignored the provisions of the statute enacted for their benefit."

In *Gould v. Loughran,* 19 Neb. 392, 27 N. W. 397, a case very similar to the one under· consideration, in which Gould brought an action against Loughran and another to enjoin the collection of a judgment rendered against him by a justice of the peace, it appears that at the trial in the district court·a judgment· was rendered in favor of the defendants, and the action was dismissed. In that case Loughran brought an action against Gould before Weiss, a justice of the peace, for damages, and a default judgment was entered against the defendant on November 18th. Thereafter Gould filed a motion to vacate the judgment, and asked to be let in and defend. The motion was granted, and at the second trial on December 5th a judgment was rendered against the defendant in the sum of $100. It was claimed that this judgment was not entered on the docket of the justice of the peace

until February 2d, and was therefore void. The court, speaking through Maxwell, C. J., among other things, said:

"But courts of equity do not interfere with judgments at law, unless it is made to appear that the plaintiff has a valid defense which he was unable to avail himself of by fraud, accident, or circumstances beyond his control."

In *Galbraith v. Barnard,* 21 Ore. 67, 26 Pac..1110, it was said:

"It is not enough that the judgment at law may be wrong, but some equitable circumstance must also be shown to exist to warrant the interference of equity. The failure to obtain a new trial, or to effect an appeal, from accident alone is not sufficient, unless an injustice or hardship is made to appear, or some other ground of equitable interposition, so that it would be contrary to equity and good conscience to allow the judgment to be enforced."

In 23 Cyc. 1006, it is said:

"Irregularities or errors in the time, form, or manner of the rendition or entry of a judgment furnish no ground for equity to reform or enjoin its collection, unless in cases where there is no other. way of obtaining relief, or where the party has been prevented from obtaining relief at law by fraud, accident, or the act of the opposite party, without fault or neglect on his own part."

Also, on page 1031 of the same volume:

"A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted, unless the complainant shows that he has a good and meritorious defense to the original action. The only exception to this rule is in the case of a judgment which is absolutely void, not merely irregular or voidable, where, according to the doctrine generally accepted, it is not necessary to show a defense on the merits. However, even this is not universally admitted, but some courts require a meritorious defense to be shown, even where the judgment is void."

Plaintiff in error certainly had a plain and adequate remedy at law. There is nothing in the record which would warrant us in saying that it was deprived of its right to appeal by any act of the defendants in error.

Section 6380, Comp. Laws 1909, reads as follows:

"When a judgment shall have been rendered against a defendant, in his absence, the same may be set aside upon the following conditions: First. That his motion be made within ten days after such judgment was entered. Second. That he pays or

confesses judgment for the costs awarded against him.   Third. That he file an affidavit that he has a just and valid defense to the whole, or some part, of the plaintiff's claim.   Fourth.   That he notifies in writing the opposite party, his agent or attorney, or causes it to be done, of the opening of such judgment, and of the time and place of trial, at least five days before the time, if the party resides in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial."

This remedy was open to the company; but, for reasons not apparent of record, it ignored these provisions of the statute and filed the motion hereinbefore set out, which was in no sense a compliance with the requirements of the law.

Again, after its motion, as above described, had been over-ruled by the justice, it took an appeal to the county court, where, on motion of the appellees, the appeals were dismissed.   Counsel for the company complains that the justice withheld his decision on the motion to vacate an unreasonable length of time, and there-by prevented a timely appeal; but there is nothing in such conten-tion, and it merits no consideration at our hands.   The company had the right of appeal to the county court, and availed itself of that remedy.   For some reason it failed again to comply with the requirements of the statute, concerning appeals, and same were there dismissed.   No appeal was taken to the Supreme Court from the action of the county court in dismissing the appeals from the justice of the peace; and it is evident that the action of the court in dismissing the same was right.   Now the company wants an-other chance, and has come into a court of equity, and is trying to do again what should have been done in the justice court, and in the county court.   As was well said by counsel for defendants in error:

"It is ridiculous to say that a party who has judgment ren-dered against him can come in and move the court to set aside the judgment on certain grounds, thereby acknowledging a valid judgment, and thereafter, when said motion is overruled, file an appeal bond, which pledges himself that he will abide by the or-der of the court, and when that appeal is dismissed, and the time for making and serving his case-made has expired, can then come into a court of equity and say, 'I have used diligence, and have kept myself at all times within due bounds.'"

In this case no surprise, misfortune, fraud, or other unavoidable casualty has been pleaded to show that the company should be excepted from the general rule hereinabove enunciated. There is no error in the record, and the judgment of the district court of Hughes county should be affirmed.

By the Court:   It is so ordered.