## RUMSEY *et al.* v. HOWE *et al.*

No. 4866.   Opinion Filed July 27, 1915.

(150 Pac. 1060.)

1.   **JUSTICES OF THE PEACE—Procedure—Judgment—Vacation or Review.** A district court has no power to review, vacate, modify, or set aside a judgment of a justice of the peace under sections 6066, 6069, or section 6082, Comp. Laws 1909.

2.   **JUDGMENT—Equitable Relief—Negligence of Applicant.** An injunction against a judgment will not be granted in favor of a party who, through want of diligence, has lost his right of appeal.

3.   **JUSTICES OF THE PEACE—Procedure—Judgment—Action for Equitable Relief.** A court of equity will not enjoin the execution of a judgment of a justice of the peace, where the aggrieved party has a plain, speedy, and adequate remedy at law, unless it is shown that the legal remedy has been denied on account of fraud, or some unavoidable casualty.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Suit to enjoin execution by S. S. Howe and Mattie Howe against E. P. Rumsey and others. Judgment for plaintiffs, and defendant Rumsey brings error. Reversed and remanded, with directions to dismiss the case.

*Brook & Brook,* for plaintiff in error.

*R. D. Howe,* for defendants in error.

Opinion by BREWER, C. This suit was brought in the district court to enjoin the service of execution and further proceedings in a judgment rendered by a justice of the peace court. The court sustained the prayer of the bill, and issued a permanent injunction, from which action of the court plaintiff in error Rumsey, the owner

of the judgment in the justice of the peace court, appeals.

On December 13, 1909, Rumsey, the plaintiff in error, obtained a judgment in a justice of the peace court against the Howes, defendants in error, in the sum of $62.50 and costs. On that day, which was the date previously set for trial, it is shown that the Howes were present in court and moved to dismiss the cause as to Mrs. Howe, on the ground that she was the wife of her codefendant, and was not liable for her husband's debts. The bill of particulars alleged that both of the defendants were indebted to plaintiff for a board bill. The motion of the Howes was overruled, at which time they and their attorneys left the courthouse, and do not appear to have further participated in the case. The court proceeded to hear plaintiff's evidence and entered judgment for the amount stated above.

So far as the record discloses, nothing was done further under this judgment until October 3, 1911, when an execution was issued thereon; and on October 11th thereafter the Howes filed this petition for an injunction, with the success above stated. As we gather from the petition, it is attempted to be shown that the judgment of the justice of peace was void, but the reason given is that the matters adjudicated in that suit had been formerly adjudicated in another. This does not appear in the record of the judgment of the justice of the peace, attacked in the petition. If the matters in dispute in that judgment had been formerly adjudicated, the defendants there should have pleaded the former adjudication in the justice of the peace court; and, if not successful there, they had their appeal to the proper court for a trial *de*

*novo*. They did not pursue the plain and adequate remedy the law has provided for them, and they had no right to go into a court of equity, after they had neg-, lected to preserve their own rights at the time and place and in the manner provided by law, and then obtain an injunction. So far as the record of the trial in the justice court of December 13, 1909, is concerned, the judgment appears to be regular and valid.

This case comes under, and is controlled by, that of *Ellis v. Akers et al.*, 32 Okla. 96, 121 Pac. 258, and *M., O. & G. Ry. Co. v. Riley et al.*, 34 Okla. 760, 127 Pac. 391. In the latter case the syllabus reads:

"1. A district court has no power to review, vacate, modify, or set aside a judgment of a justice of the peace, under sections 6066, 6069, or 6082, Comp. Laws 1909.

"2. An injunction against a judgment will not be granted in favor of a party who, through want of diligence, has lost his right of appeal.

"3. A court of equity will not enjoin the execution of a judgment of a justice of the peace, where the aggrieved party has a plain, speedy, and adequate remedy at law, unless it is shown that the legal remedy has been denied on account of fraud, mistake of fact, accident, or some unavoidable casualty."

It may be added, to save the trouble of calling it to our attention on petition for rehearing, that there are some loose statements in the petition in this case charging fraud and conspiracy between the judgment plaintiff and the justice of the peace, who rendered the judgment, and his successor in office, who issued the execution thereon. But such statements are not sufficient, in form or substance, to charge fraud, mistake of fact, accident, or unavoidable casualty; nor is there any proof in the record in the slightest way justifying the charge.

The cause should be reversed and remanded, with directions to the district court to dismiss the same.

By the Court: It is so ordered.