(No. 5893.   March 25, 1933.)

C. E. LIND, Appellant, v. E. A. MOYES and H. M. HOLLER, Justice of the Peace of Twin Falls Precinct, Twin Falls County, Idaho, Substituted as Defendant as Successor in Office of B. C. MORGAN, Respondents.

[20 Pac. (2d) 794.]

Sweeley & Sweeley, for Appellant.

O. C. Hall, for Respondents.

GIVENS, J.—July 8, 1931, respondent Moyes filed suit against appellant in a justice court in Twin Falls county. Appearance was required by the summons within five days, to wit, the 13th. No appearance having been made, July 14th respondent took judgment. Thereafter, on the 16th of July, appellant, by proper affidavit and motion, sought to have the default set aside on the ground that through inadvertence and mistake appellant had misinformed his attorneys as to the correct return date, which motion the justice denied. The action herein was instituted in equity to enjoin the enforcement of the aforesaid judgment.

Appellant seeks equitable relief on the ground that by mistake and inadvertence he allowed the default to be taken against him, alleging that he has no other speedy or adequate remedy at law. Respondent contends relief was by appeal, barring this action.

Sec. 11–307, I. C. A., provides that upon appeal from the justice court upon questions of law alone, the district court may review and set aside, affirm or modify any and all of

the proceedings subsequent to and dependent upon the judgment of the justice court and may, if necessary or proper, order a new trial in the district court.

Appellant contends, however, that this court has held that there is no appeal from a refusal to open a default judgment, relying upon *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825. Therein, however, the basis of the opinion was that no attempt was made in the justice court to have the default set aside, hence on appeal there was no question to be tried out anew in the district court, since by reason of the default and failure to ask to have it set aside, no issue of fact was presented, and while in *Gans v. Steele,* 7 Ida. 143, at 145, 61 Pac. 286, the court states that the statute fails to make any provision for appeal from orders made after judgment by the probate court (acting as a justice court) in proceedings *supplemental to execution,* the opinion does not hold that under sec. 11–307, I. C. A., an appeal would not lie from a default judgment encompassing therewith an order, on timely motion, refusing to set aside such default judgment, and the holding in *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290, is expressly to the contrary. See, also, *La Salle Extension Univ. v. District Court, ante,* p. 559, 16 Pac. (2d) 1064.

While the Montana statute, Rev. Codes of Montana (C. C. P.) 1921, sec. 9755, is different from our statute, there is sufficient similarity to make pertinent this language used by the supreme court in *State v. Lindsay,* 22 Mont. 398, 56 Pac. 827, at 829:

" ' An appeal lies from a judgment by default only on questions of law which appear upon the face of the papers or proceedings, or where the justice's or police court has abused its discretion in setting aside or refusing to set aside a default.' The appeal lies. It is therefore the duty of the court to entertain it. It must try the case anew, just as the justice tried it, or should have tried it. If the questions of law presented are resolved in favor of the respondent, this is the end of the trial, except that the court must

enter a judgment of affirmance. If there be a question of abuse of discretion in the justice's court, this must be tried anew upon the papers filed in the justice's court. If this question be resolved in favor of the respondent, judgment of affirmance must be entered. If the question or questions of law are resolved in favor of appellant, the judgment must be set aside, and the case tried anew upon an issue of fact made, or the case must be dismissed, and judgment entered in favor of appellant. If, again, the question of abuse of discretion be decided in favor of the appellant, pleadings must be filed, and the case be tried on all the issues made. This is the express provision of the remainder of the section.''

*Burch v. Roberson,* 47 Mont. 456, 132 Pac. 1132, holds the action of the justice of the peace on default may be reviewed on appeal from the judgment (*State ex rel. Cobban v. District Court,* 30 Mont. 93, 75 Pac. 862) where the proper motion was made in the lower court as herein, thus harmonizing with *Gage v. Maryatt,* 9 Mont. 265, 23 Pac. 337, and in accord with *State ex rel. Reynolds v. Laurendeau,* 27 Mont. 522, 71 Pac. 754.

The general rule is that equity may not be invoked to set aside a judgment unless there is no other plain, speedy and adequate remedy (34 C. J. 442, 454), and such has been the holding of this court in a somewhat analogous proceeding, *Presley v. Dean,* 10 Ida. 375, 79 Pac. 71, relying upon *Wilkerson v. Walters,* 1 Ida. 564, holding that the action of a justice of the peace refusing to grant a change of venue until the fees required by statute were paid and entering judgment would not be stayed by injunction, as sought herein, because other remedies were available. As said in *Ellis v. Akers,* 32 Okl. 96, 121 Pac. 258, 260:

'' 'But courts of equity do not interfere with judgments at law, unless it is made to appear that the plaintiff has a valid defense which he was unable to avail himself of by fraud, accident or circumstances beyond his control.' ''

See, also, *Brown v. Shupe*, 40 Ida. 252, 233 Pac. 59; *Rumsey v. Howe*, 50 Okl. 326, 150 Pac. 1060.

Herein it is not disputed that the justice of the peace had jurisdiction of the subject matter of the original action, nor that the service of summons was valid, hence that he had jurisdiction of the defendant therein, appellant here. Nor is it contended that the judgment by default was void. (*Pye v. Wyatt*, (Tex. Civ. App.) 151 S. W. 1086.) At most the refusal to set aside the default was an abuse of discretion. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Western Loan etc. Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65; *Harr v. Knight*, 18 Ida. 53, 108 Pac. 539; *Morbeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89; *Green v. Kandle*, 20 Ida. 190, 118 Pac. 90; *Humphreys v. Idaho Gold Mines etc. Co.*, 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Newman v. Cheesman Automobile Co.*, 33 Ida. 685, 197 Pac. 826.) Equity will not intervene to merely correct errors (21 C. J. 68; note, 54 Am. St. 221, 230, 248), and while it will relieve from mistake, there was no mistake which deprived appellant of the right or opportunity of having the justice of the peace pass upon his motion to set aside the default or having the same reviewed on appeal in the district court and again in this court. (21 C. J. 85.) The only mistake was with regard to the return date of the summons, which was a matter properly to have been considered by the justice of the peace, as it was, on motion to set aside the default, or on appeal from the judgment entered after the default. (*Gage v. Maryatt*, *supra.*)

While *Merriman v. Walton*, 105 Cal. 403, 38 Pac. 1108, 45 Am. St. 50, 30 L. R. A. 786, appears to hold one may avail himself of one of two remedies at his pleasure, in a somewhat similar situation, the opinion therein was grounded on gross fraud committed by the adverse party which prevented the complaining party from pursuing the one method, no such claim being made herein, and Califor-

nia, under a statute like ours, has held that in a situation similar to that herein the remedy is by appeal. (*Reagan v. Justice's Court,* 75 Cal. 253, 17 Pac. 195.)

If the allegation by appellant and admission by the respondent that the district court, in effect, refused an application for a writ of review to set aside the order of the justice of the peace refusing to set aside the default means an appeal was taken, the appellant had the right to appeal from that judgment of the district court (*Missouri, O. & G. Ry. Co. v. Riley,* 34 Okl. 760, 127 Pac. 391, 393) which he did not do. If it was not an appeal, it was not the proper way to test the action of the justice of the peace in refusing to set aside the default. (35 C. J. 668; 15 Cal. Jur. 540; *Southwestern Land Corp. v. Neese,* (Tex. Civ. App.) 161 S. W. 1090; *Tucker v. Justice's Court,* 120 Cal. 512, 52 Pac. 808 (which case has been followed by this court in *Malloy v. Keel,* 43 Ida. 211, 250 Pac. 389); *Hall v. Justice's Court,* 5 Cal. App. 133, 89 Pac. 870; *Postal-Telegraph Cable Co. v. Superior Court,* 22 Cal. App. 770, 136 Pac. 538; *La Salle Extension Univ. v. District Court, supra.*)

The district court therefore properly refused equitable relief.

Judgment affirmed. Costs awarded to respondents.

Morgan, Holden and Wernette, JJ., and Sutphen, D. J., concur.