360 P.2d 992

Helen PIERCE, a Widow, Plaintiff-Appellant,

v.

Webster L. CALDWELL, Justice of the Peace in the Nampa Precinct of the County of Canyon, State of Idaho, and Aetna Casualty & Surety Co., Defendants-Respondents.

No. 8896.

Supreme Court of Idaho.

April 3, 1961.

Rehearing Denied April 24, 1961.

Thos. Y. Gwilliam, Nampa, for appellant.

Frank F. Kibler, Bruce O. Robinson, Nampa, for respondents.

McQUADE, Justice.

This case arises out of a proceeding in the small claims department of a justice court. Helen Pierce, defendant in the small claims proceeding and plaintiff herein, seeks damages from the justice of the peace and his surety for wrongful attachment. The parties will be referred to herein as they appeared in the wrongful attachment proceeding in district court, plaintiff and defendants.

B. M. Hayes sought a judgment of $100 and costs, the statutory maximum, in a small claims proceeding against Mrs. Pierce and two other individuals. Notice was served on plaintiff requiring her to answer the claim by January 15, 1959. Mrs. Pierce

entered no appearance. Defendant Caldwell made a notation on his small claims docket showing the case was heard January 14, 1959, and judgment rendered for Hayes on January 25. The latter date was Sunday, a non-judicial day.

Defendant made no entry in the justice court docket. He subsequently issued a writ of execution, which writ recited that judgment had been entered. He then levied upon plaintiff's bank account the sum of $111.32.

Plaintiff sought a writ of review in the district court. Following a hearing, that court held:

"That no Judgment was ever rendered against the Defendants, Helen Pierce, Kenneth Merriott, and Chas. Merriott, in the Small Claims Department of the Justice's Court of Webster L. Caldwell, Justice of the Peace in Nampa Precinct, Canyon County, State of Idaho; that the notation on the docket of the Small Claims Division of the Justice's Court of the said Webster L. Caldwell under the columns designated 'Date Judgment Rendered' and 'Amount of Judgment' do not constitute a Judgment and that there was and is no basis upon which the Writ of Execution was issued and that said Writ of Execution is null and void.

"That, because there was no Judgment rendered or Judgment Transcript entered on the Judgment docket of the Defendant's Justice's Court, and 'Date Judgment rendered 1–25–59' was a non-judicial holiday, neither said Justice's Court nor the Defendant's Justice of the Peace had jurisdiction or legal basis upon which to issue the said Writ of Execution and that said Writ of Execution and all proceedings thereon were and are null and void."

It then issued a judgment and decree that plaintiff's funds be returned to her. There was no appeal from this judgment.

Plaintiff thereupon brought this proceeding. She alleged as a result of the attachment, checks issued against her bank account were dishonored and returned to the holders with the notation "insufficient funds," to the damage of her credit and reputation. She sought general damages of $300 attorney fees, return of the $111.32, and punitive damages of $5,000. Both defendants moved for dismissal on the ground the complaint failed to state a claim against the defendants on which relief could be granted.

The trial court held the justice of the peace had jurisdiction of the subject matter and of the person, and he was not liable in damages. It granted defendants' motions for dismissal.

Plaintiff appeals. The assignments of error raise the question of whether the

trial court erred in entering the judgment of dismissal.

█ The justice of the peace herein had jurisdiction of the subject matter and of the parties. Lind v. Moyes, 52 Idaho 785, 20 P.2d 794. It is well settled that having acquired such jurisdiction, he is not liable for judicial acts *in excess of* his jurisdiction, as distinguished from actions taken entirely *without* jurisdiction. Waters v. Barclay, 57 Idaho 376, 64 P.2d 1079; annotations, 13 A.L.R. 1344; 55 A.L.R. 282; 173 A.L.R. 802, 836.

Nebraska has applied this doctrine in a criminal case wherein a police judge failed to make a docket entry before sentencing the defendant. Atwood v. Atwater, 43 Neb. 147, 61 N.W. 574.

█ The question then arises whether issuance of a writ of execution is a judicial or a ministerial function. If it be judicial, no liability attaches. 13 A.L.R. 1344; 55 A.L.R. 282; 173 A.L.R. 802, 836.

Authorities are divided on this question. We conceive the better rule to be in favor of judicial immunity. The doctrine is aptly expressed in the case of Wertheimer v. Howard, 30 Mo. 420, wherein the court said:

"* * * The clerical and judicial acts of justices are mingled together from the beginning to the end of a suit, and it is not easy to separate the one from the other. * * * That the justice is required or allowed to be his own clerk, is not a sufficient reason to divest him of his judicial character whenever he performs an act, which a clerk, under other circumstances, would do. We have not been able to see, therefore, that in issuing an execution he is to be held responsible as a mere ministerial officer, but our inclination is to hold all his acts, which from the beginning to the end of a suit the law requires him to perform, as judicial and involving only that responsibility which attends all judicial officers. * * *"

Missouri has followed this rule in the later cases of Ostmann v. Frey, 148 Mo.App. 271, 128 S.W. 253, and 148 Mo.App. 284, 128 S.W. 257, and Yelton v. Becker, Mo.App., 248 S.W.2d 86. See also Long v. Carter, 39 Ga.App. 508, 147 S.E. 401.

It follows that no liability attached to the acts of the defendant Caldwell, and the trial court properly dismissed the case. Plaintiff is entitled to the return of her funds under the judgment in the prior district court action from which no appeal was taken.

The judgment is affirmed.

Costs to respondents.

TAYLOR, C. J., and SMITH, KNUDSON, and McFADDEN, JJ., concur.