(September 20, 1911.)

HERBERT L. GREEN, Administrator, Respondent, v. JUSTIN O. KANDLE, Appellant.

[118 Pac. 90.]

DEFAULT JUDGMENT—MOTION TO VACATE JUDGMENT—SHOWING—SUR-
VIVAL OF ACTION.

(Syllabus by the court.)

1. Where a party defendant has been served with process and has appeared in the action and subsequently allowed his default to be entered for failure to file an answer, and thereafter moves

to have the judgment set aside and the default opened, the action of the trial court in granting or refusing the motion will not be disturbed on appeal, unless it is made to appear by the record that the court has abused the legal discretion vested in it in such manner as to work a palpable injustice upon one of the parties to the action.

2. Where a judgment has been obtained by plaintiff in an action which does not survive, and the plaintiff thereafter dies before a motion for new trial is heard or before the case is heard upon appeal, a clear showing ought to be required from the moving party before the court should set aside or reverse the judgment.

APPEAL from the District Court of the Fourth Judicial District, in and for Elmore County. Hon. Edward A. Walters, Judge.

Action by plaintiff for damages. Judgment in favor of the plaintiff and defendant moved to vacate the judgment and appealed from the order denying his motion. *Affirmed.*

Chas. F. Koelsch, for Appellant.

"A statute providing for the opening or vacation of a judgment by default is remedial, and should be liberally construed by the courts, especially in those cases where such a construction is calculated to advance justice." (6 Ency. Pl. & Pr. 154; *Meade Co. Bank v. Decker,* 19 S. D. 128, 102 N. W. 597; *Walsh v. Boyle,* 94 Minn. 437, 103 N. W. 506; *Lemon v. Hubbard,* 10 Cal. App. 471, 102 Pac. 554; *Fildew v. Milner* (Or.), 109 Pac. 1092; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539.)

"The power of the court should be freely and liberally exercised under this and other sections of the act, to mold and direct its proceedings so as to dispose of cases upon their substantial merits." (*Roland v. Kreyenhagen,* 18 Cal. 455; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Harbaugh v. Honey L. & W. Co.,* 109 Cal. 70, 41 Pac. 792; *Cutler v. Haycock,* 32 Utah, 354, 90 Pac. 897.)

While it is true that in such proceedings a great deal is conceded to the discretion of the trial judge, such discretion is within circumscribed legal limits. (*Holzeman v. Henneberry,*

11 Ida. 428, 83 Pac. 497; *Mitchell v. Cal. & O. C. S. S. Co.,* 156 Cal. 576, 105 Pac. 590.)

N. Eugene Brasie, for Respondent.

"An application to set aside and vacate a judgment is addressed to the sound, legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed on appeal." (*Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Culver v. Mountainhome Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Western Loan etc. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432; *Baker v. Knott,* 3 Ida. 700, 35 Pac. 172.)

"To entitle a party to relief from a judgment or order entered by default, it is necessary that such person make a sufficient showing of mistake, inadvertence, surprise, or excusable neglect." (*Harr v. Kight, supra.*)

AILSHIE, J.—This is an appeal from an order denying a motion and application to vacate a judgment and open a default. The original action was commenced by Ethan S. Green against the appellant for alienation of the affections of the plaintiff's wife. Subsequent to the entry of judgment and prior to the prosecution of this appeal, Green died and his administrator was substituted as the representative of the estate for the purposes of the appeal.

The action was commenced on August 19, 1908, and summons was served on August 28th. On the 3d of October following the defendant filed a demurrer. On the 17th day of May, 1909, the demurrer was withdrawn and by stipulation of the parties the defendant was given ten days in which to answer. Some time thereafter negotiations were opened between the attorneys representing the respective parties looking to a compromise of the case, and propositions and counter-propositions were submitted. On August 4th, plaintiff's counsel declined the proposition offered by defendant and submitted a counter-proposition. No further negotia-

tions appear to have been made looking to a settlement or compromise, and no answer was filed. On October 5, 1909, the default of the defendant was entered for failure to answer, and proofs were thereafter made and judgment was entered for the amount of $10,000, the sum prayed for by the complaint. Thereafter and on about the 13th day of November, 1909, the defendant made and filed his motion supported by affidavits, praying the court to vacate and set aside the judgment and open up the default and allow him to answer. After a hearing upon the motion, the court denied the same, and this appeal was taken.

The only question to be determined is whether, upon the record as it is presented on this appeal, we can say that the trial court abused its discretion in denying the motion and application. This court has a number of times held in substance that, "Where a defendant moves to vacate a judgment and set aside a default entered against him on account of 'mistake and inadvertence,' he must set forth the facts which he claims constitute the mistake or inadvertence and submit the same to the court, who must finally determine whether or not such facts constitute a mistake or an inadvertence, within the purview of the statute, sufficient to justify the granting of the relief sought." (*Hall v. Whittier, ante,* p. 120, 116 Pac. 1031.) And we have also held that, "An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal." (*Culver v. Mountainhome Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539.)

In this case we are unable to find anything in the record which we think would justify us in holding that the trial court abused its discretion in passing upon the motion to set aside the judgment and default. It does not anywhere appear that the defendant was taken by surprise or that he was deceived or misled in any respect, or that his failure to answer was due to any fraud or deception practiced by the plaintiff or his attorney. Neither was it the fault of defendant's attorney.

Points Decided.

It is rather to be gathered from the affidavits and copies of letters in the record filed in the case that the defendant was more deeply engaged in transferring and disposing of his property so as to enable him to be execution proof than he was in filing his answer or preparing for trial; and while he was doing this it appears that he did not even advise his attorney of his address or whereabouts.

Aside from the fact that the record does not disclose such a showing as would authorize us in holding that the trial court abused its discretion in denying the motion, there is another reason why in this particular case a very strong showing should be made before we would feel justified in granting a new trial. The plaintiff is now dead, and this action does not survive to his estate or personal representatives. To reverse the judgment would mean that no recovery could be had at all against the defendant. Indeed, it would relieve him of ever defending against the action.

We conclude, therefore, that the judgment in this case should be affirmed, and it is so ordered. Costs awarded in favor of the respondent.

Stewart, C. J., and Sullivan, J., concur.