court in the case of *Mabel Leonard v. James H. Brady et al.,* *post,* p. 78, 147 Pac. 284. Costs on appeal awarded to appellant.

Budge and Morgan, JJ., concur.

--------

(March 12, 1915.)

## MABEL LEONARD, Appellant, v. JAMES H. BRADY et al., Respondents.

[147 Pac. 284.]

DEFAULT—PREMATURE ENTRY OF — SHOWING REQUIRED TO SET ASIDE — DISCRETION OF TRIAL COURT — IRREGULARITY IN SERVICE OF SUMMONS.

1. It is permissible for the supreme court to determine whether or not a default should have been set aside by a district court for reasons not assigned in the motion to set aside such default, where it appears that the district judge considered such reasons at the suggestion of the party resisting such motion, and that they were unknown to the moving party until the date of argument on the motion, and that the moving party showed due diligence in endeavoring to ascertain all the facts prior to that date.

2. A district judge exercises a reasonable discretion in setting aside a default where it appears from the date shown by the certificate of service of summons signed by a deputy sheriff, and also from his affidavit made subsequently, that sufficient time had been allowed for the appearance of a defendant before default was entered against him, and the contrary appears by another affidavit of the same officer showing another date; and it also appears that at the time the clerk entered such default it was based upon a certificate of service of summons signed by a deputy sheriff and accompanied by an unsigned and unsealed paper purporting to be a copy of such summons, but which had not been substituted as an original by the court.

APPEAL from the District Court of the Fourth Judicial District, in and for Elmore County. Hon. Edward A. Walters, Judge.

Order setting aside a default entered by clerk of the lower court against defendant. *Affirmed.*

Perky & Crow and Daniel McLaughlin, for Appellant.

There is no hint in the motion, or the order, that either the manner or fact of service was in any way called in question. Respondent was and is prevented from raising under his motion any other question than that of the date of service. Every other point (if there are other points involved) is waived. (14 Ency. Pl. & Pr. 117, and cases cited.)

"Not only must a party assign a ground for his motion, but he must assign all of the grounds for the relief sought which he may have, and objections known to exist and not raised at the time of the motion may be deemed waived." (14 Ency. Pl. & Pr. 119, and cases cited; *Bronzan v. Drobaz,* 93 Cal. 647, 29 Pac. 254; *Clarke v. Mohr,* 125 Cal. 540, 58 Pac. 176; *Harder v. Harder,* 26 Barb. (N. Y.) 409; *Corwith v. State Bank,* 8 Wis. 376; *Gould v. Moss,* 158 Cal. 548, 111 Pac. 925; *Nevada Co. v. Farnsworth,* 89 Fed. 164.)

No affidavit of merits was filed with the motion to set aside the default. Such affidavit is required. (*Vollmer Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Holzeman v. Henneberry,* 11 Ida. 431, 83 Pac. 497.)

The proof necessary to overthrow the return must be clear and unequivocal. (32 Cyc. 514, and cases cited.)

The function of a summons is to inform the party against whom the action has been brought that he is being sued, and the nature of the suit brought against him, and the time within which he must appear and defend. An original summons performs this function as well or better than a copy. Any such irregularity as that complained of is immaterial and will not justify the setting aside of the service. (32 Cyc. 460, and cases cited; *McDaniel v. Scurlock,* 115 N. C. 295, 20 S. E. 451.)

The requirement of the statute that service shall be made by the delivery of a copy is evidently directory merely. (*Clemmons v. State,* 5 Okl. Cr. 119, 113 Pac. 238.)

"It is the fact of service which gives the court jurisdiction, and not the proof of service." (*Call v. Rocky Mountain Bell Tel. Co.,* 16 Ida. 556, 133 Am. St. 135, 102 Pac. 146; *Tewalt v. Irwin,* 164 Ill. 592, 46 N. E. 13.)

W. C. Howie and Sullivan & Sullivan, for Respondent.

There are cases in which motions may be granted for reasons not assigned. (14 Ency. Pl. & Pr. 117, and cases cited in note; *Hancock v. Youree,* 25 Okl. 460, 106 Pac. 841; *Skinner v. Terry,* 107 N. C. 103, 12 S. E. 118.)

The practice of rendering judgments against the defaulting defendant where there is no proper proof of service upon him is a dangerous one and should not be tolerated. (*Vermont L. & T. Co. v. McGregor,* 5 Ida. 510, 51 Pac. 104; *Strode v. Strode,* 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Applington v. G. V. B. Min. Co.,* 6 Ida. 216, 55 Pac. 241; *Mills v. Smiley,* 9 Ida. 317, 76 Pac. 783; *Call v. R. M. Bell T. Co.,* 16 Ida. 551, 133 Am. St. 135, 102 Pac. 146.)

"It is only where a judgment by default has been regularly taken that an affidavit of merits is required to open it; if irregular, no merits need be shown." (1 Ency. Pl. & Pr. 355; *Norton v. Atchison etc. R. R. Co.,* 97 Cal. 388, 33 Am. St. 198, 30 Pac. 585, 32 Pac. 452; 2 Ency. L. & P. 717, and cases cited; *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123; *Browning v. Roane,* 9 Ark. 354, 50 Am. Dec. 218; *Shanholtzer v. Thompson,* 24 Okl. 198, 138 Am. St. 877, 103 Pac. 595.)

When, after order for publication of summons against an absent defendant has been duly made, the summons is personally served on such absent defendant out of the state, such service does not become complete until the expiration of the time prescribed in the order for publication; and a default judgment entered against him during said time is void and will be reversed on appeal. (*Bowen v. Harper,* 6 Ida. 654, 59 Pac. 179.)

DAVIS, District Judge.—This action is pending on an appeal by the plaintiff, Mabel Leonard, from an order of the district court setting aside a default entered by the clerk

against the defendant, James H. Brady. It appears that an *alias* summons was issued by the clerk, but that no record of that fact was made on the register of actions or otherwise in the clerk's office.

The original *alias* summons was served on Brady by a deputy sheriff of Bannock county and the officer's return of service was made on a purported copy of the *alias* summons not signed or sealed by the clerk, and no order was ever made by the district court authorizing the substitution of the copy for the original *alias* summons. The certificate of service made by the deputy states that service was made on March 14, 1914. Some two months after making the certificate the officer made an affidavit to the effect that the summons had been served March 15, 1914. The attorney for Brady thereupon filed a written motion to set aside the default upon the ground that it had been prematurely entered, which would have been true had service been made upon March 15th, but if made upon March 14th, the forty days allowed by law had expired when default was entered. Subsequently the officer's certificate of service was shown to him and he repudiated the first affidavit and made another to the effect that the date named in the certificate was the actual date upon which the *alias* summons had been served.

During the argument, when the motion came on for hearing before the district judge, a purported copy of the *alias* summons containing the return of the officer was produced by the attorney for the plaintiff, together with the second affidavit of the officer, and the attorney for the plaintiff then made a motion that certain defects in the return be corrected. The attorney for Brady had not seen such copy of the *alias* summons theretofore, nor had a copy of the deputy's second affidavit nor of plaintiff's motion to correct the defects in the record with reference to service and his affidavits in support thereof been served upon the defendant, but the entire matter was apparently considered by the judge nevertheless. He thereafter denied plaintiff's motion to correct the return of service, and sustained defendant's motion to set aside the de-

fault, ruling ''that the clerk did not have authority to enter and should not have entered the default of the defendant, James H. Brady, at that time, and the said defendant, James H. Brady, is given twenty days from the date hereof in which to answer and plead herein.''

From said order setting aside the default against Brady the plaintiff appealed to this court, contending that the lower court erred in making its order setting aside the default of James H. Brady.

Appellant contends that there is but one question for the supreme court to decide, and that is whether or not under the showing made the district judge had any discretion to find that the time allowed defendant to answer had expired.

Respondent claims that the district judge considered the circumstances affecting the service and that this court may also properly determine whether or not the clerk had authority to enter such default at the time it was entered, although the motion to set aside the default referred only to the insufficiency of time as a ground for setting aside the default. It is asserted that in view of the manner in which such second ground first came to the attention of the attorneys for Brady at the hearing on the motion, and the fact that it was before the district judge at that time, justifies this court in determining on appeal whether or not such ground was sufficient to justify the trial court in setting aside the default. We concur in this view.

Ordinarily a court should sustain the official certificate of an officer supported by his affidavit, rather than his affidavit alone to the contrary, but the entire showing in this case surely vested some discretion in the trial judge, and it does not appear that there was such an abuse of such discretion as to require a reversal of his action.

Where a district judge considers matters in support of a motion to set aside a default, first brought to his attention through acts of the plaintiff when resisting such motion, which facts thus came to the knowledge of the moving party for the first time at the hearing, and were therefore not assigned as grounds in support of his motion to set aside the

default, it is proper for the supreme court to determine whether or not such matters appearing in the record on appeal furnish sufficient grounds to sustain the action of the district judge in granting such motion. And where a clerk of the district court has entered a default against a defendant based on a certificate of service by a deputy sheriff attached to an unauthenticated copy of an *alias* summons against such defendant, and the clerk had no record in his register of actions or otherwise to show that the original of such purported copy of the *alias* summons had been actually issued in due form, and the court refused to allow the return of service to be corrected, or the copy of the *alias* summons to be substituted for the original, such clerk *did not have authority* to enter default against such defendant at that time. Sec. 4143, Rev. Codes, requires the return of service to be accompanied by the original summons instead of by a copy thereof, and while it is not intended to hold that service duly certified upon an authenticated copy would not justify a default, it is clear that where there is no record in the register of actions of the issuance of the original summons or otherwise in the office of the clerk, and there is no valid summons accompanying the certificate of service, the clerk has no authority to enter a default upon delivery to him of an unsigned and unsealed copy of a purported *alias* summons containing a return thereon. He has no way of knowing from the record whether or not such an *alias* summons had ever been issued, and authority to determine whether or not a paper tendered as a copy of an original instrument is a true copy of such instrument is vested in the district court alone by sec. 4923, Rev. Codes. And while the service of an original summons upon a defendant would be equally as effective as a copy to give him notice of the action and the time within which he should appear, the record should show such service in a more formal manner than in this case before the entry of a default against him by the clerk would be authorized.

The district court did not abuse its discretion in vacating said clerk's default, and the order appealed from will not be disturbed. Costs on appeal awarded to respondent.

Budge and Morgan, JJ., concur.