(March 10, 1916.)

## FRANKLIN COUNTY, Appellant, v. BANNOCK COUNTY, Respondent.

[156 Pac. 108.]

JUDGMENT—MOTION TO SET ASIDE—INADVERTENCE AND EXCUSABLE NEGLECT—DISCRETION OF JUDGE OR COURT.

1. Under the provisions of sec. 4229, Rev. Codes, the court may, in the furtherance of justice, and upon such terms as may be proper, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

2. *Held*, under the facts of this case, that the court did not abuse its discretion in setting aside the judgment.

[As to opening and vacating judgments, see note in 52 Am. St. 795.]

APPEAL from the District Court of the Fifth Judicial District for Bannock County.  Hon. J. M. Stevens, Judge.

Action to declare boundaries between portions of two counties.  Judgment for the plaintiff.  Motion to set aside judgment.  Granted.  *Affirmed.*

A. W. Hart, for Appellant.

The question is, has the district court the authority on its own motion to grant a new trial upon grounds other than those named in sec. 4444, Sess. Laws 1911, chap. 118, amending sec. 3529, Laws of Idaho, 1901.  (*Stevens v. Northwestern Stage Co.,* 1 Ida. 604; *Simpson v. Pioneer Irr. Dist.,* 17 Ida. 435, 106 Pac. 1; *State v. Davis,* 8 Ida. 115, 66 Pac. 932; *State v. Rice,* 7 Ida. 762, 66 Pac. 87.)

Where the application for new trial is made under the provisions of sec. 4439, it must appear from the evidence that the party could not, with reasonable diligence, have discovered the evidence and produced it at the trial.  (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)  Due diligence must be shown.

(*State v. Williams*, 12 Ida. 483, 86 Pac. 53; *State v. Davis*, 6 Ida. 159, 53 Pac. 678.)   Due diligence has not been shown in the case at bar.

Defendant's counsel cannot be relieved from the consequence of his inattention and neglect by the court, of its own motion, going outside the terms of the statutes and granting a new trial, not upon the grounds specified in the statutes, but upon the grounds included in defendant's motion for a new trial. (*Gould v. Duluth & Dakota Elevator Co.*, 2 N. D. 216, 50 N. W. 969; *Flugel v. Henschel*, 6 N. D. 205, 69 N. W. 195; *Clement v. Barnes*, 6 S. D. 483, 61 N. W. 1126; *Townley v. Adams*, 118 Cal. 382, 50 Pac. 550; *Mizener v. Bradbury*, 128 Cal. 340, 60 Pac. 928; *Eades v. Trowbridge*, 143 Cal. 25, 76 Pac. 714; *Baillie v. City of Wallace*, 22 Ida. 702, 127 Pac. 908.)

C. D. Smith and McDougall & Jones, for Respondent.

It is clearly within the discretion of the trial judge to vacate a judgment entered by mistake, etc.   (Sec. 4229, Rev. Codes.)

Application for relief under this section is addressed to the sound legal discretion of the trial judge. (*Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212; *Kraft v. Greathouse*, 1 Ida. 254.)

The granting or refusing of an order made upon application under this section rests on sound legal discretion of the court, and unless the appeal to such discretion has been abused, the order will not be disturbed on appeal. (*Pease v. Kootenai County*, 7 Ida. 731, 65 Pac. 432; *Holzeman & Co. v. Henneberry*, 11 Ida. 428, 431, 83 Pac. 497; *Western Loan etc. Co. v. Smith*, 12 Ida. 94, 103, 85 Pac. 1084; *Watson v. San Francisco etc. R. Co.*, 41 Cal. 17.)

COWEN, District Judge.—This action was brought by Franklin county against Bannock county, whereby the plaintiff county sought to have the boundary line between the two counties declared by decree of the court.   The defendant county answered, denying all of the material allegations of

the complaint. The cause was tried by the court without a jury and oral and documentary evidence was introduced on the trial. Findings of fact and conclusions of law were expressly waived by respective counsel, and the court thereupon ordered judgment to be entered in favor of the plaintiff county against the defendant county in accordance with the prayer of plaintiff's complaint, except as to the damage and taxes collected by the defendant county.

Thereafter Bannock county moved to vacate and set aside the said judgment on the ground that the same was taken by mistake, inadvertence, surprise and excusable neglect of the defendant county. Said motion was heard upon affidavits and counter-affidavits and the records and files, and said motion was granted and the judgment set aside, and the cause held for trial at the next term of court. The appeal is from the order granting said motion.

It is contended by counsel for respondent that the motion to vacate the judgment was made under the provisions of sec. 4229, Rev. Codes, which provides, among other things, that a court may, in the furtherance of justice, relieve a party or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

In the order granting said motion to vacate and set aside such judgment, among other things, it is stated as follows: "And it satisfactorily appearing that said judgment rendered in the above cause on the 10th day of December, 1913, was made and rendered through the mistake and excusable neglect of the said defendant, Bannock County, and it appearing that the said defendant has a valid and substantial defense to said action upon the merits and is so advised by its counsel; . . . . it is ordered that said judgment entered in this action on the 10th day of December, 1913, . . . . be and the same is hereby vacated and set aside upon condition that said defendant pay to plaintiff's attorney the costs of entering said judgment," etc.

Application for relief under the provisions of said section of the statute is addressed to the sound legal discretion of the

trial judge, and unless it is made to appear that the judge has abused such discretion, the appellate court will not reverse his decision. Said provisions of sec. 4229 apply to judgments entered on a trial of the case as well as judgments entered by default. It appears from the record that a stipulation was entered into by the attorneys for the respective parties waiving findings of fact and conclusions of law, as well as the damages claimed by the plaintiff county, and the only issue between them was where the location of the true boundary was, as fixed by the legislature, and we think the application to set aside the judgment was amply sufficient to warrant the court in granting it.

The judgment entered in the case decreed the boundary line in dispute between the two counties to be an east and west line located one mile south of the south boundary of the Oxford townsite, which was in accordance with the act of the legislature in establishing the same. The judgment then further declares that such boundary line is the division line between townships 13 and 14, south of range 38 east, Boise Meridian. It will thus be seen that the judgment in effect declares these two lines to be coincident, and it appears from the patent to the Oxford town site, which was made a part of the affidavits filed in support of the motion, that the said township line was only three-quarters of a mile south of the southern boundary line of the said town site, which, if true, would have made the judgment ambiguous and uncertain to such an extent as to call for its correction on the part of the court. The inconsistency should be removed, if one exists, and the further hearing ordered will enable the court to determine the matter and correct the error, if such was made in the original judgment.

Finding that the court did not abuse its discretion in granting said motion to set aside said judgment, the action of the court must be affirmed, and it is so ordered, with costs in favor of the respondent county.

Sullivan, C. J., and Morgan, J., concur.