(April 28, 1917.)

OMAHA STRUCTURAL STEEL WORKS, a Corporation, Appellant, v. F. H. LEMON and S. J. DOOLITTLE, Copartners as LEMON & DOOLITTLE, Respondents.

[164 Pac. 1011.]

NONAPPEALABLE ORDER.

 An order made by the district court, setting aside a default entered by the clerk of said court under the provisions of subd. 1, sec. 4360, Rev. Codes, and granting leave to the defendant to answer or otherwise plead, is not an appealable order under the provisions of sec. 4807, Rev. Codes.

 [As to what judgments and orders are appealable, see note in 20 Am. St. 173.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Appeal from an order setting aside clerk's default. *Motion to dismiss sustained.*

Elliott & Healy, for Appellant, file no brief on motion.

Van W. Hasbrouck, for Respondents (on motion to dismiss).

The appeal is not taken from an appealable order under sec. 4807, Rev. Codes, or the amendments thereto. (Sess.

Laws 1915, p. 193; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381; *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878.)

BUDGE, C. J.—This is an appeal from an order made by the district court, setting aside a default entered by the clerk of said court under the provisions of subd. 1, sec. 4360, Rev. Codes, and from the action of the trial court in giving to each of the parties "5 days to suggest death of member of partnership and ask substitution of party and defendant given 10 days thereafter to answer or to plead otherwise."

The respondents move to dismiss the appeal taken from the above order upon the ground and for the reason that the same is not an appealable order. Sec. 4807, Rev. Codes, which specifies what judgments and orders are appealable, contains no provision providing for an appeal, either from a default entered by the clerk of a district court, or from an order of said court setting aside such default. Neither does said section provide for an appeal from any of the other matters contained in the above order. (*Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Rose v. Lelande,* 17 Cal. App. 308, 119 Pac. 532; *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878; *Sherman v. Standard Mines Co.,* 166 Cal. 524, 137 Pac. 249; *Rauer's Law & Collection Co. v. Standley,* 3 Cal. App. 44, 84 Pac. 214.)

While it is true that this court entertained an appeal from an order of the district court, setting aside a default entered by the clerk, in the case of *Leonard v. Brady,* 27 Ida. 78, 147 Pac. 284, the question as to whether or not such an order was appealable was not raised nor called to the attention of the court in that case. However, in view of the statutory provisions above noted and the decisions referred to, we have reached the conclusion that the order in question is not an appealable order. Nor does the case of *Leonard v. Brady, supra,* pass upon the question as to whether or not such an order is appealable.

The appeal is dismissed. Costs awarded to respondents.

Morgan and Rice JJ., concur.