(March 29, 1919.)

SILAS CORBETT, Appellant, v. P. M. DAVIS, Respondent.

[179 Pac. 954.)

APPEAL AND ERROR—NONAPPEALABLE ORDERS.

      An order, made prior to judgment, setting aside a default is not appealable.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.
*Dismissed.*

O. R. Woods and J. F. Ailshie, for Appellant.

A litigant is denied a substantial constitutional right if such an order is held not appealable. (Sec. 9, art. 5.)

"The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts or the judges thereof." (*Chemung Mining Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619.)

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government." (Sec. 13, art. 5.)

Under our constitution the legislature, either by positive enactment or by failure to legislate, cannot deprive a litigant of the right to review upon appeal "any decision of the district court or the judges thereof." To deny an appeal directly from an order vacating a default or refusing to vacate such a default is, in substance and effect, denying the litigant the

right to review such an order because he will never get any benefit from a review of such order on an appeal from a final judgment.

In this case, while there is no judgment appearing in the transcript, it must have been entered for the reason that the motion made by defendant was to set aside "the judgment entered by default against the defendant in this action." Whether a judgment was actually entered or not is of no consequence, for the reason that this was the kind of a case that the entry of judgment after default was merely a. clerical act to be performed by the clerk and not by the court. (C. L., sec. 4360.)

This court considered appeals from orders vacating or refusing to vacate defaults in *Thum v. Pyke,* 6 Ida. 359, 362, 55 Pac. 864; *Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Beck v. Lavin,* 15 Ida. .363, 97 Pac. 1028; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 672, 107 Pac. 65; *Humphreys v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Brooks v. Orchard Land Co.,* 21 Ida. 212, 121 Pac. 101.

Perky & Brinck, for Respondent.

The entry of default did not constitute a judgment, and the order setting aside the default is not embraced within the terms of sec. 4807, Rev. Codes, as amended by chap. 80, 1915 Sess. Laws. The order vacating the default cannot under any possible construction be a final judgment within the meaning of subd. 1 of that section, nor is it an appealable order under subd. 2 of said section. (*Omaha Structural Steel Co. v. Lemon,* 30 Ida. 363, 164 Pac. 1011.)

It has been repeatedly held by this court that except as to the specified interlocutory orders, no appeal will lie prior to the entry of a final judgment. (*Adams v. McPherson,* 3 Ida. 117, 27 Pac. 577; *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829;

Points Decided.

*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Bissing v. Bissing,* 19 Ida. 777, 115 Pac. 827.)

California Code of Civil Procedure, sec, 963, is practically identical with our sec. 4807. (*Rauer's Law etc. Co. v. Standley,* 3 Cal. App. 44, 84 Pac. 214; *Savage v. Smith,* 154 Cal. 325, 97 Pac. 821; *Lapique v. Plummer,* 24 Cal. App. 685, 142 Pac. 107; *Jordan v. Hutchinson,* 39 Wash. 373, 81 Pac. 867; *Bowen v. Webb,* 34 Mont. 61, 85 Pac. 739; *State v. Langan,* 29 Nev. 459, 91 Pac. 737.)

MORGAN, C. J.—This is an appeal from an order setting aside the default of respondent for failure to answer. No judgment was entered in the case and a motion to dismiss has been made on the ground that the order is not appealable.

The decision of this case is governed by the rule of law to be found in *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691, *Omaha Structural Steel Co. v. Lemon,* 30 Ida. 363, 164 Pac. 1011, and *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.

The motion is granted. Costs are awarded to respondent.

Rice and Budge, JJ., concur.