(July 30, 1924.)

MORTGAGE COMPANY HOLLAND AMERICA, Respondent and Cross-appellant, v. JOHN F. YOST, LEONARD J. YOST and HERBERT K. YOST, Appellants and Cross-respondent.

[228 Pac. 282.]

JUDGMENT—DEFAULT—SETTING ASIDE AND VACATING—DISCRETION OF COURT.

1. An application to set aside a default and vacate a judgment is addressed to the sound legal discretion of the trial court, and unless it appears that such discretion has been abused the order will not be disturbed on appeal.

2. Motions to set aside default and vacate judgment and showing in support thereof examined. Discretion of court in making orders complained of *held* not abused.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Appeal from order refusing to set aside default and vacate judgment as to defendants John F. Yost and Leonard J. Yost. Cross-appeal from order vacating and setting aside judgment as to defendant Herbert K. Yost. *Affirmed.*

J. H. Forney and Guy W. Wolfe, for Appellants and Cross-respondent.

In the furtherance of justice a court may set aside a judgment and is not bound by statutory grounds only. (C. S., sec. 6726; *Daly v. Okamura* (Ariz.), 213 Pac. 389.)

The facts asserted by these defendants, and upon which their motion is based, are not controverted, in a single instance, by the counter-affidavits on the part of the plaintiff. Therefore it was incumbent upon the lower court in ruling upon the motion to decide merely whether or not the defendants had made sufficient showing as to their failure to answer by reason of "mistake, inadvertence, surprise and excusable neglect," and if so, do defendants plead a meritorious defense to the complaint. (*Leonard v. Brady,* 27 Ida. 78, 147 Pac. 284; *Beck v. Lavin,* 15 Ida. 369, 97 Pac. 1028; *Jaerns v. Nicca,* 75 Iowa, 705, 38 N. W. 129.)

"It is the policy of the law that causes should be tried upon the merits, and the provisions of the law should be liberally construed to that end." (*Sanford v. Potter,* 32 S. D. 182, 142 N. W. 469; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *British & Am. Mtg. Co. v. Strait,* 84 S. C. 131, 65 S. E. 1038; *Greene v. Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693.)

C. J. Orland, for Respondent and Cross-appellant.

A motion to set aside a default judgment is addressed to the sound legal discretion of the court, and such discretion must be shown to have been abused or an appellate court will not interfere with the order of the lower court. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan & Sav. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Green v. Craney,* 32 Ida. 339, 182 Pac. 852.)

Upon an application to set aside and vacate a judgment upon the grounds of surprise, inadvertence, mistake or excusable neglect, the applicant must show that he has exercised due diligence in the protection of his rights. (*Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Forest v. Appleget* (Okl.), 154 Pac. 1129; *Gooden v. Lewis,* 101

Kan. 482, 167 Pac. 1133; *Westbrook v. Rice,* 28 N. D. 324, 148 N. W. 827.)

The failure of the defendants to appear and answer, according to their affidavits, was not occasioned by surprise, inadvertence or excusable neglect, and a mistake of law, if any there be, is not sufficient to set aside a default decree or judgment. (*State v. American Surety Co. of New York,* 26 Ida. 652, 145 Pac. 1097; *Mantle v. Casey,* 31 Mont. 408, 78 Pac. 594; *Willoburn Ranch Co. v. Yegen,* 45 Mont. 254, 122 Pac. 915.)

BUDGE, J.—On August 26, 1912, Kathryn A. Yost and John F. Yost, her husband, made, executed and delivered to Dr. Joh Havelaar their promissory note for $1,000 due on August 26, 1915, and at the same time, to secure the payment thereof, made, executed and delivered a real estate mortgage covering certain real property standing in the name of Kathryn A. Yost, situated in the city of Moscow, Latah county, which mortgage was duly recorded in Latah county. The note and mortgage were subsequently assigned to respondent and cross-appellant. On October 3, 1920, Kathryn A. Yost died intestate, leaving surviving her her husband, John F. Yost, and two sons, Herbert K. Yost and Leonard J. Yost. On November 18, 1920, John F. Yost filed an application in the probate court of Latah county, asking that he be appointed administrator of the estate of his deceased wife and letters of administration were thereafter issued to him. Subsequently probate proceedings were had and decree of distribution was made and entered by the probate court on July 27, 1921, wherein and whereby the real property of the estate was distributed *in toto* to John F. Yost, apparently upon the assumption that the same was community property and not the separate property of the deceased wife. On March 4, 1922, an action was commenced by respondent and cross-appellant to foreclose its mortgage, appellants and cross-respondent being made parties defendant. Service of summons was duly had upon John F. Yost and Leonard J. Yost and

upon their failure to appear and answer within the statutory time, on June 28, 1922, their default was entered. On or about June 27, 1922, summons was served upon Herbert K. Yost, a minor, and on June 28, 1922, upon application of respondent and cross-appellant, G. G. Pickett, Esq., was appointed guardian *ad litem* for such minor. On the same day Pickett, as such guardian *ad litem,* filed an answer to the complaint denying each and every material allegation thereof but made no appearance at the trial and introduced no evidence on behalf of said minor. Decree of foreclosure was entered on June 28, 1922, and the property was sold by the sheriff of Latah county on August 4, 1922, respondent and cross-appellant becoming the purchaser at foreclosure sale. On October 7, 1922, John F. Yost and Leonard J. Yost served and filed a motion to set aside their defaults and vacate the judgment, which motion was supported by affidavits and also based upon the records and files in the case. Upon a hearing had, the trial court denied the motion. On October 7, 1922, a motion was made by Herbert K. Yost, by and through his guardian *ad litem* to vacate and set aside the judgment, such motion being supported by the affidavit of the guardian and the ward. This motion was sustained by the court and an order was made vacating the judgment as to the minor and permitting his answer to be filed. From the order entered denying the motion of John F. Yost and Leonard J. Yost appellants and cross-respondents appeal. From the order sustaining the motion of Herbert K. Yost, respondent and cross-appellant appeals.

This proceeding is brought under the provisions of C. S., sec. 6726, which provides, among other things, that:

" . . . . The court may likewise, in its discretion, after notice to the adverse party . . . . relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; . . . . "

The rule is well settled in this jurisdiction that an application to vacate and set aside a judgment is entrusted to the

sound discretion of the trial court and its ruling will not be disturbed unless such discretion has been abused. (*Franklin County v. Bannock County,* 28 Ida. 653, 156 Pac. 108; *Leonard v. Brady,* 27 Ida. 78, 147 Pac. 284; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Neustel v. Spokane International Ry. Co.,* 27 Ida. 367, 149 Pac. 462; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *Green v. Kandle,* 20 Ida. 190, 118 Pac. 90; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Peters v. Walker,* 37 Ida. 195, 215 Pac. 845; *Atwood v. Northern Pac. Ry. Co.,* 37 Ida. 554, 217 Pac. 600.) No good purpose could be served by incorporating in this opinion the substance of the affidavits filed in support of and in opposition to the motion to vacate the default and set aside the judgment entered against John F. Yost and Leonard J. Yost. We have carefully considered these affidavits and have reached the conclusion that the court did not abuse its discretion in denying the motion of these two appellants and cross-respondents.

As we view it, we are not called upon to determine the validity of the decree of distribution. If the property was the separate property of the deceased wife, under the provisions of C. S., sec. 7793, subd. 1, one-third would go to the husband and one-third to each of the sons. If it was community property and the wife died intestate, under the provisions of C. S., sec. 7803, the entire estate would go to the surviving spouse and no administration of the estate would be necessary. Coming now to the action of the court in the matter of granting the motion to set aside and vacate the judgment as to Herbert K. Yost, the record discloses that the answer signed by Pickett, his guardian *ad litem,* was prepared by the attorneys for respondent and cross-appellant and delivered to Pickett for his signature and was thereafter filed with the clerk. The attorney for the minor sets forth in his affidavit, among other things, that he was not informed of all of the facts and had no conversation with the minor or with his natural guardian, his father, but simply acted *pro forma,* being under the impression that there was no contest, and no doubt labored under

the honest belief that the answer so prepared was being filed simply for the purpose of clearing the record title to the property; that certain facts have come to his knowledge since the filing of the answer by which he is informed and believes that his ward had and has a valid, material and subsisting defense to the action which was not called to the attention of the court, and that the court entered judgment under a misapprehension of the true facts in the case. Upon the hearing of the motion to vacate and set aside the judgment the trial court had before it the showing made on behalf of the minor and was familiar with all of the facts and circumstances surrounding the entry of the decree of foreclosure and we do not feel, from an examination of the record, that we would be justified in holding that it abused its discretion or acted arbitrarily in vacating and setting aside the judgment as to the minor and permitting his answer to be filed, as was done in this case. (*Daly v. Okamura* (Ariz.), 213 Pac. 389.)

From what has been said it follows that the order of the court refusing to vacate the default and set aside the judgment as to John F. Yost and Leonard J. Yost and the order vacating and setting aside the judgment as to Herbert K. Yost must be affirmed, and it is so ordered. No costs are allowed.

McCarthy, C. J., and William A. Lee, J., and Johnson, District Judge, concur.

Wm. E. Lee, J., being disqualified, took no part.