(No. 5864.   March 23, 1933.)

STATE, Respondent, v. ROBERT NOBLE, Jr., Appellant.

[20 Pac. (2d) 447.]

Wm. Healy, for Appellant,

Fred J. Babcock, Former Attorney General, Z. Reed Millar, Former Assistant Attorney General, Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

MORGAN, J.—This matter is before the court on appeal from an order committing appellant to an insane asylum, as an inebriate, pursuant to Idaho Code Annotated, sec. 64–216, which provides for the arrest of one accused of dipsomania or inebriety, and for hearing upon the accusation before the court, or the judge thereof, and that:

"The judge, after such hearing and examination, if he believes the person is so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control, or is subject to dipsomania or inebriety, must make an order that he be confined in one of the state insane asylums which shall be designated in said order . . . . "

The section further provides that:

"The said court, or the judge thereof, shall commit such person for a definite period, not to exceed two years, but provided that he may be paroled or released under the same rules and conditions that the insane are paroled and released."

Appeals to the supreme court from a district court, generally, are provided for in Idaho Code Annotated, sec. 11–201. Provision is made for appeals from final judgments, as follows:

"From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners."

Appeals are also provided for from orders, specified in the section, but there is no authority therein contained for an appeal from the order of commitment in a proceeding of this kind.

Such an order cannot be construed to be a final judgment. This court said in *In re Hinkle,* 33 Ida. 605, 196 Pac. 1035, which was an inebriety proceeding:

"The inquisition held under this statute is neither a case at law or in equity, nor the appointment of a guardian, within the meaning of those terms as used in article 5. (of Idaho constitution) The order of commitment is not a judgment or final determination of any of the issues of fact, so as to make the commitment *res adjudicata.* It authorizes the person to whom it is directed to detain the person so committed, and is not a denial of due process of law, because such person may require a judicial determination and a final judgment as to the right to be so detained, upon issues properly framed. It is a statutory proceeding, exercised solely as a police regulation, and does not call for the exercise of judicial power within the meaning of said article 5, but is an exercise of judicial functions which the legislature may confer upon any tribunal, in the exercise of the police power."

No appeal from an order of commitment in this proceeding having been provided by legislative authority none exists. (*State v. Ridenbaugh,* 5 Ida. 710, 51 Pac. 750; *Omaha Structural Steel Works v. Lemon,* 30 Ida. 363, 164 Pac. 1011; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165; *State v. Grady,* 31 Ida. 272, 170 Pac. 85; 32 C. J., 649.)

The court is without jurisdiction to entertain this appeal and it is therefore dismissed.

Givens, Holden, Wernette, JJ., and Sutphen, D. J., concur.