(No. 6024. May 29, 1933.)

In the Matter of the Petition of ROBERT NOBLE, Jr., for a Writ of Habeas Corpus.

[22 Pac. (2d) 873.]

William Healey, for Petitioner.

WERNETTE, J.—This is an application to this court for a writ of *habeas corpus*. The petitioner, Robert Noble, Jr., was arrested and had a hearing under the provisions of section 64–216, Idaho Code Annotated, as an inebriate. This statute, among other things, provides for the arrest of one accused of having become so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control, or is subject to dipsomania or inebriety, and for hearing upon the accusation before the court, and that if after hearing the judge believes the charge to be true, he must order the accused to be committed to one of the state insane asylums for a definite period, not exceeding two years. In

the instant case the hearing was had September 1, 1931, and on January 25, 1932, an order of commitment was issued by the district judge, ordering petitioner's confinement in the asylum at Blackfoot for a period of forty-five days.

Petitioner prosecuted an appeal to this court from the order of commitment, and while the appeal was pending the petitioner was released on his own recognizance. Fifteen months' time elapsed between the date of the order of commitment and the decision of the case on appeal, during all of which time the petitioner had his freedom without supervision or restraint. The appeal was dismissed by this court on the ground that the order of commitment was not an appealable order. (*State v. Noble,* 52 Ida. 782, 20 Pac. (2d) 447.) Upon dismissal of said appeal petitioner was taken into custody by the sheriff of Ada county. Petitioner then made this application for a writ of *habeas corpus.* The sheriff made his return to the writ setting forth that he was holding said petitioner in custody pursuant to the order of commitment issued January 25, 1932, wherein it was directed that petitioner be confined in the asylum for a period of forty-five days.

Section 64–216, I. C. A., the statute which authorized the hearing and commitment of the petitioner, was passed by the legislature under the authority of its general police powers. In its nature the statute is not penal but paternal. It had for its purpose the protection and safety of the general public against the acts of irresponsible persons, giving power to the state whereby it may take charge of persons so addicted to the use of stimulants and narcotics as to have lost their power of self-control, or to have become dipsomaniacs or inebriates and force treatment upon them so that the state may control or correct the individual habits of its citizens where such habits have become a menace to the peace, comfort, good order or health of the state. (*In re Hinkle,* 33 Ida. 605, 196 Pac. 1035.) Under the order of commitment petitioner could have been placed in the asylum immediately upon the issuance of the order, as there was no appeal from said order, and he could have been

held there for treatment for the period of forty-five days, unless sooner released as provided by sec. 64–216, I. C. A. Not only have forty-five days elapsed since the date of the order of commitment, but more than fifteen months have elapsed, and the unchallenged record now discloses that the petitioner has regained the power of self-control.

It appears that during all of the time intervening between September 1, 1931, and the date of the hearing upon the original charge, up to the present time the petitioner has, of his own free will, abstained from the use of intoxicating liquor or strong beverages. If the petitioner ever was an inebriate, which this court is not called upon to determine, the record certainly discloses that he is not one now. Through his own volition and free will he has regained the power of self-control.

The time for his confinement in the asylum long since having expired, and it appearing affirmatively that he now has the power of self-control, and is not an inebriate, the reasons that would justify his commitment to the asylum no longer exist. Under sec. 19–4315, I. C. A., the petitioner is entitled to his freedom and release and should be discharged from custody,

It is so ordered.

Budge, C. J., and Givens, Morgan and Holden, JJ., concur.